No. 83.—John Bradshaw, plaintiff in error, *vs.* Marshall Perdue *et al.* defendants.

[1.] Where it was alleged in a declaration for speaking and publishing slanderous words, that the defendant spoke and published the words in the presence and hearing of S. and M. and divers other good citizens of this, State: *Held*, that the declaration was sufficiently certain, without specifying by name those other good citizens of the State: *Held*, also, that words spoken, may be proved by any person who heard them, though they are alleged to have been spoken in the hearing of A. B. and others.

[2.] Where there are two good counts in a declaration, and one defective count, and the evidence on the trial substantially supports the allegation in the good counts, and a general verdict is rendered for the plaintiff, the intendment of the law is, that the Jury found their verdict on the good counts, and not on the defective count.

Case for words, in Marion Superior Court. Tried before Judge Iverson.

This was an action of slander, from Marion, for words spoken by the defendant, charging beastiality upon Andrew J. Perdue, who sued by his natural guardian or next friend, he being a minor. The record being long, and the points upon which the decision of the Court was made, being easily understood without a recitation of all the facts as disclosed by the record, the points upon which this accusation was made, will only be presented. The defendant, by his counsel, demurred to each count in the plaintiff's declaration, on the ground that his cause of action was not plainly and distinctly set forth in any one of said counts ; and especially as to the first count, on the ground that the slanderous words alleged to have been spoken in the presence and hearing of divers good citizens of said State, in a conversation with one Richard Shorter, without specifying *any one* of such citizens by name or otherwise. And especially as to the second count, on the grounds, that the slanderous words were alleged to have been spoken in the presence and hearing of one John Monk, and divers other good and lawful citizens, without specifying any other one of *such citizens* by name or

otherwise ; and to the third count which had been inserted in said declaration, as an amendment, on the ground that the slanderous words alleged therein to have been spoken by the defendants, were alleged to have been spoken in the presence and hearing of divers good and respectable citizens of said County, without specifying any one of such citizens whatever, whether by name or otherwise. The Court overruled the objections to the sufficiency of each of these counts, and thereupon, the counsel for the defendants excepted.

The case was then submitted to the Jury, and plaintiff then introduced one Everingham, who testified that in the year, 1848, he had several conversations with the defendant, in which the slanderous words alleged in the declaration, were uttered, and also in the spring of 1848, another in August, and a third, during the term of Marion Superior Court, which was a term after the action had been commenced; that one of the conversations occurred about a week after the 15th August, 1848. Upon cross-examination, the witness testified that there was no person present at either of the conversations between witness and defendant, except the first. That, at the second one, Brown was present. That he (witness) had drawn defendant into the conversations, &c. The plaintiff also introduced several other witnesses, whose testimony corroborated that of the witness Everingham, as to the utterance of the slanderous words, though under different circumstances. The plaintiff then closed his case, and the Jury found a verdict for the plaintiff. Defendant's counsel thereupon moved the Court to grant a new trial in the case, upon the grounds :

1. Because the Jury found their verdict contrary to evidence and law.

2. Because the cause of action set forth in one of these three counts, viz: that in which the words were alleged to have been spoken in the hearing of John Monk, was clearly proved to be barred by the Statute of Limitations, which had been pleaded by defendant, and yet the Jury found a general verdict for the plaintiff, upon the whole of the three counts.

3. Because the evidence showed that the words alleged to

have been spoken in the hearing of Monk, though in fact spoken by defendant, were yet not spoken in slander, but only in the way of information to Justices of the Peace, to make known to them the commission of a crime. And yet the verdict was a general one, upon this count, as well as upon the other two counts.

4. Because there was no evidence whatever to show that any words of any sort had ever been spoken by any body in the hearing of Richard Shorter, and yet the verdict was a general one, as well upon the count in which it was alleged that the slanderous words were spoken in the presence of Richard Shortler, as upon the other two counts.

5. Because the last count in which it was alleged that the words were spoken in the presence and hearing of divers good and respectable citizens of said County, without naming any one of the said citizens, was not made or filed until the 4th day of September, 1850, and on that day the cause of action arising from such words, was clearly barred by the Statute of Limitations, and the verdict was a general one in favor of plaintiff, on that count as well as the others.

6. Because the Court refused to charge the Jury that the cause of action set forth in said amendment was barred by the Statute of Limitations.

7. Because the Court permitted the plaintiff to prove words not alleged in any count, but to the same effect as those, by way of showing malice.

8. Because the Court overruled the objections to the certainty of each count in the declaration.

Which said motion for a new trial, the Court overruled; to which decision the defendant, by his counsel, excepted, and the judgment of the Court in refusing the new trial in said cause, is by this writ, assigned for error.

BENNING, for plaintiff in error.

E. WORRILL, for defendant in error.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] This was an action of slander, charging the defendant with having uttered and published certain slanderous words of and concerning the plaintiff. The suit was instituted on the 13th February, 1849. The original declaration contained two counts, in one of which the slanderous words are alleged to have been spoken on the 5th day of September, 1848, in a conversation with Richard Sharber, *in the presence and hearing of divers good citizens of this State.*

In the other count, the words are alleged to have been spoken and published on the same day, in the presence and hearing of John Monk, *and divers other good citizens of this State.* On the 4th day of September, 1850, the plaintiff amended his declaration, by alleging, that the defendant spoke and published substantially the same words as charged in the original counts, and on the same day as therein charged, in the *presence and hearing of good and respectable citizens of said County,* without naming any particular individual.

The defendant demurred to each of the counts in the plaintiff's declaration, for want of certainty which demurrer was overruled by the Court: whereupon, the defendant excepted, and now assigns the same for error.

The objection to both counts in the original declaration is, that the words are alleged to have been spoken and published in the presence of Sharber and Monk, and divers other good citizens of this State, without stating *their names.* Words spoken, may be proved by any person who heard them, though they are alleged to have been spoken in the hearing of A. B. and others. 2 *Greenleaf's Ev.* §414. *Buller's N. P.* 6. 2 *Saunders' Pleading and Ev.* 795. The demurrer to the two counts contained in the original declaration was properly overruled. Conceding the demurrer was well taken to the amended count, for want of sufficient certainty, the cause was properly submitted to the Jury on the two original counts. Although the words are alleged to have been spoken in the presence and hearing of Sharber and Monk, yet, it was competent, as we have shown,

to prove the speaking of the slanderous words by any *other per-son* who heard them, within the time prescribed by the Statute of Limitations. One of the plaintiff's witnesses, (Everingham) proves the speaking and publishing of the words substantially as alleged in the declaration by the defendant, on three several occasions. Once in the spring of 1848, and again about the 15th August of the same year, or a week later than the 15th of August, and once *after the suit was commenced.* There was *no objection made at the time the witness testified,* as appears from the record, to the last conversation with the defendant *after the commencement of the suit.* Independent of the amended count, there were two good counts in the declaration, and the slander-ous words alleged therein, were proved to have been spoken by the defendant, within the period of six months from the time of the commencement of the action.

[2.] There being two good counts in the declaration, and the speaking the slanderous words as alleged therein, by the defend-ant, having been substantially proved by a witness who heard them, within the time prescribed by the Statute of Limitations, the intendment of the law is, that the Jury found their verdict on the *good counts,* and not on the *defective* amended count. The motion for a new trial was therefore properly overruled.

Let the judgment of the Court below be affirmed.