## James E. Upham

*v.*

## Charles T. Dickinson.

1. SLANDER—*of excessive damages.* Where the parties to a suit for slander were rival tradesmen in the same city, and the words proved to have been spoken at three different times by the defendant were—the plaintiff "had stolen two or three thousand dollars from the defendant's brother, in Ohio"—and upon the trial, the jury brought in their verdict, assessing the plaintiff's damages at three thousand dollars, and upon the motion for a new trial, the plaintiff remitted one-half, and judgment was rendered for fifteen hundred dollars: *Held*, that such damages were not excessive.

2.  SAME—*of an explanation of slanderous words.*  Where it is shown that the words spoken by the defendant, in an action for slander of the plaintiff, were, "that he stole two or three thousand dollars from the defendant's brother, in the State of Ohio," the mere statement in connection with such words, that the plaintiff was in business with defendant's brother, or was a clerk for him when he stole the money, would be no explanation of the offensive words, and would not reduce the crime charged from larceny to the common law offense of embezzlement, without the further explanation that the money charged to have been stolen was received from the sale of goods, and appropriated by him.

APPEAL from the Circuit Court of McLean county; the Hon. JOHN M. SCOTT, Judge, presiding.

The opinion states the case.

Messrs. TIPTON, BENJAMIN & ROWELL, for the appellant.

The plaintiff in a slander suit must clearly establish his case, especially where the facts and circumstances tend strongly to show that the suit was instituted, not so much for the vindication of character as a matter of speculation.   "The action for slander has not been regarded with any great favor by the courts."   *Wilborn* v. *Odell,* 29 Ill. 456, 459.

If one uses language apparently slanderous, but at the same time, in the hearing of the same persons, refers to known facts and circumstances, which show a charge of some act, which, though it may even be censurable, the law does not regard as criminal, such facts and circumstances will be considered as giving the true import of the conversation, and as it was or ought to have been understood by the hearers.   *Thompson* v. *Bernard,* 1 Camp. (N. P.) 48; *Christie* v. *Cowell,* Peak, (N. P.) 4; *Brite* v. *Gill,* 2 Monroe, 65; *Ogden* v. *Riley,* 2 Green, (N. J.) 186; *Van Rensselaer* v. *Dole,* 1 Johns. Cas. 279; *Ayers* v. *Grider,* 15 Ill. 37; *Pegram* v. *Styron,* 1 Bailey (S. C.) 595.

Messrs. WILLIAMS & BURR, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action for slander, brought by Dickinson against Upham. The jury gave the plaintiff a verdict for $3,000. On a motion for a new trial, he remitted one-half the amount, and the court rendered judgment for the residue. The defendant appealed.

The declaration charges the defendant with having said of the plaintiff, that he stole two or three thousand dollars from defendant's brother, in the State of Ohio. The speaking of the words is proven, but it is urged by appellant's counsel that the defendant, when he used this language, explained it by saying that plaintiff was a clerk for his brother, and had received this money on the sale of goods. It is further urged that the offense thus charged amounted only to embezzlement at common law, and that there was no proof that the statutes of Ohio made it larceny.

The difficulty with this view of the case is, that the words are proved to have been spoken on three different occasions, and upon only one of them was this explanation given. The witness Newkirk swears the defendant said Dickinson was a thief, and stole between two and three thousand dollars from his brother, while in business with him in Ohio. The witness Zimmerman testifies to the same conversation, and to two others. He says the above explanation was given in one of the conversations; and as to the other two, he states, on the cross-examination, that the defendant said the plaintiff stole the money while clerking for his brother; and on the re-examination, that in some of the conversations, the charge was made without reference to the fact that plaintiff was his brother's clerk.

On this evidence the court instructed the jury, as requested by defendant's counsel, that if the words related to transactions in the State of Ohio, while the plaintiff was a clerk in the store of defendant's brother, and if the witnesses understood the charge of stealing to have reference to the

plaintiff's selling the goods of his employer and keeping the money, they should find for the defendant. The court gave, without qualification, both the instructions on this point asked by defendant, but the jury found, by their verdict, that the offensive words were not explained in all the conversations. Their finding was correct, as the mere statement that the plaintiff was in business with defendant's brother, or was a clerk for him when he stole the money, would be no explanation of the offensive words, and would not reduce the crime from larceny to embezzlement, without the further explanation, which was given in only one conversation—that the money charged to have been stolen was received by plaintiff on the sale of goods, and appropriated by him. The mere fact that one is clerk for another, or in business with him, does not make it impossible that he should be guilty of a common law larceny of such other person's money.

Neither can we reverse the judgment on the ground of excessive damages. The parties are respectable and rival tradesmen in the city of Bloomington, and, so far as the record discloses, there is nothing to mitigate the aggravated character of the slander.

We must affirm the judgment.

*Judgment affirmed.*