Berry v. Massey.

No. 12,103.

## BERRY v. MASSEY.

SLANDER.—*Pleading.*—*Evidence.*—In an action for slander, where it is alleged that the defendant slandered the plaintiff by charging that he swore to a lie while testifying as a witness in a case theretofore tried, it is competent for the defendant to prove, under the general issue, what the plaintiff testified to as a witness on such trial, because such evidence shows the character of the transaction to which the alleged slanderous words referred.

SAME.—*Knowledge of Hearers.*—Where the persons who hear a charge made against another know that a particular transaction is referred to, and know also that the transaction was not such as constituted a crime, no action for slander can be maintained.

SAME.—*Instruction.*—Where the slanderous words complained of charge the plaintiff in an action for slander with having committed perjury, in testimony given in a case theretofore tried, and where the plaintiff's testimony in such case, as put in evidence, shows that he testified to certain things, and afterwards during the progress of the case corrected his testimony, stating that he was mistaken in his former statements, an instruction by the court, to the effect that if the alleged slanderous words spoken referred to such testimony, including the correction thereof, the verdict should be for the defendant, is erroneous.

From the Sullivan Circuit Court.

*W. S. Maple, J. S. Bays, S. C. Coulson, J. T. Beasley* and *A. B. Williams*, for appellant.

*J. C. Briggs, J. T. Hays* and *H. J. Hays*, for appellee.

ELLIOTT, J.—The issue upon which this case went to the jury was formed upon the complaint of the appellant and the general denial addressed to it by the appellee. The complaint alleges that the appellee slandered the appellant by charging that he swore to a lie while testifying as a witness in the case of the Town of Merom against Henry H. Harper.

On the trial the appellee was permitted to prove what the appellant testified to as a witness on the trial of the case referred to in the complaint. The appellant's counsel contend that this was error, because the general denial did not entitle the appellee to prove matters in justification. The counsel of the appellee assert that there was no error, for the reason that the evidence was competent as tending to prove that, under the circumstances known to the persons to whom the alleged slanderous words were spoken, no charge of perjury was made or intended.

This evidence was competent. Our reason for this conclusion is, that the evidence shows the character of the transaction to which the alleged slanderous words referred, and it was proper to submit it to the jury for the purpose of enabling them to determine whether the witnesses who heard these words understood them to import a charge of perjury. Where the persons who hear a charge made against another know that a particular transaction is referred to, and know, also, that the transaction was not such as constituted a crime, no action for slander can be maintained. *Hotchkiss* v. *Olmstead*, 37 Ind. 74; *Carmichael* v. *Shiel*, 21 Ind. 66; *Ausman* v. *Veal*, 10 Ind. 355; *Abrams* v. *Smith*, 8 Blackf. 95; Towns. Slander, sections 137, 160; Odgers Libel and Slander, 109.

It is essential that the defendant should affirmatively show that the persons who heard the words spoken by him knew of the transaction to which the words referred. *Williams* v. *Miner*, 18 Conn. 464; *Dempsey* v. *Paige*, 4 E. D. Smith, 218; *Van Akin* v. *Caler*, 48 Barb. 58; *Stone* v. *Clark*, 21 Pick. 51. But, while this is an essential element of the defence, still the

Berry v. Massey.

court can not exclude the evidence if there is any direct testimony or any circumstantial evidence whatever tending to show that the persons who heard the alleged slanderous words had knowledge of the matter to which the words had reference, and in this instance there was evidence tending to show that some, at least, of the hearers did have such knowledge.

The fourth instruction given upon the request of the appellee is radically wrong. It reads thus:

"Or, if you find from the evidence that plaintiff Berry did testify in substance as aforesaid, and that after such testimony the defendant did speak the words charged in the complaint, or any set of them, of and concerning the plaintiff, and you further find that the facts and circumstances given by the defendant in connection with the speaking of such words show that the words had reference to plaintiff's said testimony and the correction thereof about said survey, and about said Harless' connection with said survey, and about his afterwards stating that he was wrong or mistaken, and that Harless was dead when the survey was made, then your verdict should be for the defendant."

This instruction affirms that if the appellant was innocent of the crime imputed by the words of the appellee, there can be no recovery. This we say, because in the preceding instruction the jury were told that, "If you find from the evidence that the plaintiff, when a witness before a court, after being duly sworn, testified in reference to a certain survey, and that the same was in the year 1871, and that one Mr. Harless was present at such survey and assisted therein; and if you further find from the evidence that plaintiff afterwards, and upon the same trial, in good faith, testified that he was wrong about Harless being present, and that Harless was dead at the time of such survey, such testimony would not constitute perjury, and such conduct would not constitute a felony. In order to constitute perjury a witness must wilfully and corruptly swear to that which is false." And,

taking these instructions together, as must be done, for the language of the later refers to the former, it is clear that the jury must have understood the court to direct them, that if the plaintiff did not commit perjury the defendant must succeed. It is important to note that the conclusion of the fourth instruction is a direction, in mandatory words, that the verdict should be for the defendant in case the facts enumerated in the instruction were proved. This can only mean that if the appellant did not commit perjury the appellee must recover.

There is, however, another infirmity in the instruction, and that is, that it ignores the element of knowledge on the part of the hearers, and this, as we have said, is a material element. It was not possible for the defendant to succeed upon the theory assumed in the instruction, without showing that those who heard him charge the plaintiff with having sworn to a lie knew of the matter to which the defendant referred. The instruction places the conjunction " or " in such an emphatic position as to leave no doubt what the instruction means, and the jury must have understood it to mean, that if the defendant proved the facts enumerated he should have a verdict. These facts are cut off from the other defences, and are made, by the theory of the instruction, to stand as an independent defence. The jury were thus in express terms instructed that if the facts referred to did exist, then, independently of all other considerations, the defendant must recover.

Judgment reversed.

Filed Dec. 30, 1885.