No. 17,251.

## McCORMACK *v.* SWEENEY.

SLANDER.—*Answer Avoiding Slanderous Sense of the Words.—When In-sufficient.—Complete Defense.*—An answer to a complaint charging slander by imputing a crime, which alleges that if the words were spoken as alleged defendant did not intend thereby to charge that plaintiff had committed a crime, and they were not understood to be spoken in such sense by those to whom they were addressed, is insufficient, where the complaint avers that the words were spoken in the presence and hearing of divers other persons than those to whom they were addressed. Such facts can only be pleaded as a complete defense, and if not sufficient as such, the answer is bad on demurrer.

SAME.—*Overruling Demurrer to Answer.—When Prejudicial Error.*—The overruling of the demurrer to such answer will be deemed prejudicial error, even where the same defense could have been set up under the general denial, unless the record affirmatively shows that no harm resulted from such ruling.

SAME.—*Evidence.—Sense of Words as Used and Understood.*—In such case it was proper for the defendant to prove by competent evidence, that before the words were spoken, he claimed that plaintiff had wronged him out of an amount of money in their partnership business, and that the parties who heard the words spoken knew that he so claimed, and that the words were spoken with reference to the same and were not intended to charge plaintiff with a crime, and were so understood by those who heard them.

From the Harrison Circuit Court.

*G. W. Cooper, C. B. Cooper* and *M. W. Funk,* for appellant.

*J. Overmyer* and *F. E. Little,* for appellee.

MONKS, J.—Appellant brought this action in the court below to recover damages for slanderous words alleged to have been spoken by the appellee of and concerning appellant.

The complaint is in four paragraphs, and each paragraph alleges that the appellee charged the appellant with a felony. The paragraphs are substantially the

same, except in the first the words are alleged to have been spoken in the presence and hearing of Peter E. Wills and divers other persons; in the second, in the presence and hearing of Zachariah H. Houser and divers other persons, and, in the third, in the presence and hearing of William W. Stader and divers other persons, and, in the fourth, in the hearing and presence of Jacob Wagner and divers other persons.

Appellee filed an answer in two paragraphs; the first was a general denial.

Appellant filed a demurrer to the second paragraph of answer, which was overruled and exception taken.

Appellant replied by a general denial. There was a trial by jury, verdict for appellee, and, over a motion for a new trial, judgment was rendered against appellant.

The errors assigned are:

First. That the court erred in overruling the demurrer to the second paragraph of answer.

Second. That the court erred in overruling the motion for a new trial.

The second paragraph of answer alleges that appellant and appellee, from about the year 1868, were contractors under the firm name of McCormack and Sweeney, and sets out at length certain partnership transactions, and that appellant took contracts in his own name and appropriated the profits thereof and neglected the partnership business; that appellee was entitled to one-half of the profits on said contracts taken by appellant in his own name, for the reason that the same belonged to the partnership; that appellant has refused to account for the same, although often requested so to do, and then proceeds as follows:

"That if the defendant ever did in any way utter the words charged in the complaint to be slanderous, it was

by and through certain conversations had with Peter E. Wills, Zachariah H. Houser, William W. Stader and Jacob Wagner, persons named in the complaint, who, prior to the date of said conversation, were already fully informed and advised as to the actions and conduct of the said McCormack as heretofore set forth in reference to the said contracts; that said conversation, if it contained said words, referred to the matters and things aforesaid, and was so understood by all persons with whom the same occurred; that said words, if they were so uttered in said conversation, were not intended by the defendant to be understood as imputing to the plaintiff the felony called robbery, or any other felony or crime, but were only intended to be understood as charging that plaintiff had wronged defendant as aforesaid; and said words were understood by the said Wills, Houser, Stader and Wagner as charging only that the plaintiff had injured and wronged the defendant in the business transactions aforesaid, and not that the defendant charged the plaintiff with being guilty of the crime of robbery or any other crime. Wherefore, the defendant says that if said words were uttered, the plaintiff was not defamed or injured thereby.''

The theory of this paragraph of answer is that if the words were spoken as alleged, appellee did not intend thereby to charge that appellant had committed the crime of robbery or larceny, but he had reference to the loss alleged to have been suffered by himself in the partnership business, on account of the alleged misconduct on the part of appellant, which did not involve the commission of a crime, and that the persons who heard the words spoken had, before that time, been fully informed of the transactions to which they referred, and that the words were so understood by them, and as not charging

a crime, and that therefore the appellant was not injured by the speaking of the words.

If the second paragraph of answer fills these requirements, it is sufficient. *Carmichael* v. *Shiel*, 21 Ind. 66; *Berry* v. *Massey*, 104 Ind. 486.

The answer does not aver that the transactions alleged therein were known to all who heard the words spoken, and that they understood them to be spoken in reference thereto, and that the words were understood in the sense in which they are alleged to have been spoken. The allegations concerning knowledge of the matters to which the words spoken had reference, and the understanding of the sense in which the same were spoken were confined to Wills, Houser, Stader and Wagner, and persons with whom the conversation occurred. This does not meet the allegations of the complaint that the words were spoken in the presence and hearing of each of the persons named and divers other persons. The words may have been understood as alleged, by those with whom the conversation occurred, but not by all those in whose presence and hearing the words were spoken. It is contended, however, by appellee, that as the second paragraph is pleaded as a partial answer, it is sufficient. We do not so understand the answer. In the concluding part of the paragraph it is claimed to be a complete defense to this action. Besides, the alleged facts set up in this paragraph are not such as can be pleaded as a partial answer; unless a complete defense, they are not sufficient to withstand a demurrer.

The court erred in overruling the demurrer to the second paragraph of answer. Even if the defense attempted to be set up in this answer could have been given under the general denial, the error will be presumed prejudicial unless the record affirmatively shows no harm to have resulted from such ruling, which is not shown

McCormack *v.* Sweeney.

in this case. *Sims* v. *City of Frankfort,* 79 Ind. 446; Elliott App. Proced., sections 591, 637, 638, 639 and authorities cited.

As the questions presented by the motion for a new trial may not arise on the next trial, we only deem it necessary to say that it was not proper to enter upon and try the merits of the controversy between the appellant and appellee in regard to their partnership business, or to prove the state of the account between them, that was not an issue in the case. It was proper for the appellee to prove, by competent evidence, that before the words were spoken he claimed that the appellant had wronged him out of an amount of money in their partnership business, and that the parties who heard the words spoken knew or understood that he so claimed, and that the words were spoken with reference to the same, and were not intended to charge appellant with a crime, and were so understood by those who heard them.

Such evidence can only be given to prove the sense in which the words were spoken, and the sense in which they were understood by those who heard them. It was not material to the issues in the cause whether appellant had actually wronged appellee or not.

The judgment is reversed with instructions to sustain the demurrer to the second paragraph of answer, and for further proceedngs in accordance with this opinion.

Filed April 3, 1895.