Luick *v.* Driscoll.

---

No. 1,584.

## LUICK *v.* DRISCOLL.

SLANDER.—*Publication.*—*Words Spoken of and to Wife in Presence of Husband Only.*—The speaking of slanderous words of and to

the wife in the presence of the husband only constitutes a publication.

From the Delaware Circuit Court.

*J. N. Templer* and *E. R. Templer*, for appellant.

*J. W. Ryan* and *W. A. Thompson*, for appellee.

DAVIS, J.—This was an action by appellee against appellant for damages, for the speaking of slanderous words alleged to have been falsely spoken by appellant of and concerning appellee.

Only one question is presented for our consideration and that is whether the speaking of the defamatory words of and to the wife in presence of the husband only, constitutes a publication. The proposition is conceded that to constitute slander the defamatory words must have been spoken within the presence and hearing of some third person. It appears that the slanderous words were spoken to and of appellee by appellant, that they were so spoken in the presence and hearing of her husband, Warren Driscoll, and that no other persons were present. The charge in substance was that appellee was stealing eggs belonging to appellant. Counsel for appellant contend that such charge made against appellee in the presence of her husband only, does not constitute a publication. We do not so understand the law. Under the common law, without any reference to the enlarged rights of married women under modern legislation, defamatory language spoken of and to the wife in the presence of the husband constituted a publication. *Wenman* v. *Ash*, 76 Common Law, *836 ; Newell on Defamation, etc., 237 ; Odgers on Libel and Slander, side pages 152–3 ; Flood Libel and Slander, 45. See also section 6976, R. S. 1894, section 5131, R. S. 1881 ; *Logan* v. *Logan*, 77 Ind. 558 ; *Holmes* v. *Holmes*, 133 Ind. 386.

It is also insisted that appellee's husband must have known that the statement that appellee had stolen appellant's eggs was untrue, but it does not appear that the husband was present when the alleged larceny should have been committed.    It is not shown that the husband knew the transaction referred to in the charge and that the transaction did not constitute the crime named by appellant.    *Carmichael* v. *Shiel,* 21 Ind. 66; *Berry* v. *Massey,* 104 Ind. 486.

So far as our attention has been directed to the record we find no error in the ruling of the trial court.

Judgment affirmed.

LOTZ, J., did not participate in this decision.

Filed October 9, 1895.