## W. H. McLaughlin v. Henry Schnellbacher, doing business under the name of J. P. Schnellbacher & Sons.

1. LIBEL—*By Letters—Innuendoes.*—Where it does not appear upon the face of the letter that the objectionable words do not relate to the plaintiff, and the imputations ascribed by the pleading to the words are consistent with their natural and commonly accepted meaning, the plaintiff may, by innuendo, define the defamatory meaning he seeks to put upon the words, and may aver they relate to him.

McLaughlin v. Schnellbacher.

2. SAME—*Relation of the Words a Question of Fact.*—Whether the words complained of relate to the plaintiff, or have the meaning ascribed to them by the innuendoes, is a question of fact to be determined from the proofs.

3. PUBLICATION—*Of Actionable Matter.*—The word "published," as used in declarations for libel and slander, imports the communication of the defamatory words to some third person or persons.

**Trespass on the Case,** for libel. Appeal from the Circuit Court of Tazewell County; the Hon. NATHANIEL W. GREEN, Judge, presiding. Heard in this court at the November term, 1895. Reversed and remanded. Opinion filed May 16, 1896.

### STATEMENT OF THE CASE.

The Circuit Court held appellant's declaration in an action for libel obnoxious to a demurrer and dismissed the cause. This appeal questions the correctness of this ruling of the court. The averments of the declaration important to be here considered are, that appellant was a duly qualified and licensed attorney at law, and was engaged in the practice of his profession. That he and another attorney, W. S. Kellogg, were professionally engaged in the prosecution of an action in replevin wherein Fonda, Snow & Doane were plaintiffs and the appellee (the sole member of the firm of J. P. Schnellbacher & Sons) was defendant, and that the appellee wrongfully, etc., composed, wrote and caused to be composed and written and published a malicious and false libel, in the form of a letter addressed to said Fonda, Snow & Doane, which letter is set out in the declaration as follows:

J. P. SCHNELLBACHER & SONS,
Shoe House,
·PEKIN, ILL., Oct. 24th, 1894.
Fonda, Snow & Doane, Rochester, N. Y.

GENTLEMEN (meaning Fonda, Snow & Doane): It becomes our (meaning defendant) duty, as business men, to give you (meaning Fonda, Snow & Doane) an explanation in regard to an account you folks (meaning Fonda, Snow & Doane) have against one W. H. Stetson, which was closed on three judgment notes by the sheriff (meaning the sheriff of

Tazewell county and State of Illinois) on the 8th day of September. It (meaning said sheriff's sale) was legally advertised by the sheriff (meaning the sheriff of Tazewell county and State of Illinois) and was sold in a lump on the 22d of September to the highest bidder; we (meaning the defendant), being the highest bidder, received the stock and paid our money right after the sale, which was $2,100. Before the stock was sold quite a number replevied their goods and took them away, but your (meaning Fonda, Snow & Doane) representatives (meaning plaintiff) came on the 25th day of September, four days after the sheriff's sale, and replevied your (meaning Fonda, Snow & Doane's) goods, what he (meaning plaintiff) could find, which was only thirty-four pairs of shoes, amounting to $68.50, your (meaning Fonda, Snow & Doane's) cost price; the rest of your (meaning Fonda, Snow & Doane's) shoes we suppose went where a good many other goods went, to some auction house in Chicago; that was Mr. Stetson's style of doing business. Now, what we (meaning defendant) want to tell you (meaning Fonda, Snow & Doane), for your (meaning Fonda, Snow & Doane) own good, and save you (meaning Fonda, Snow & Doane) money, you (meaning Fonda, Snow & Doane) had better not allow your (meaning Fonda, Snow & Doane's) lawyers (meaning plaintiff and W. S. Kellogg), one from Peoria (meaning said W. S. Kellogg), and one from Pekin (meaning plaintiff); both (meaning plaintiff and said W. S. Kellogg) are very poor specimens of lawyers; they (meaning plaintiff and said W. S. Kellogg,) are in it for the money they (meaning plaintiff and said W. S. Kellogg) can make out of it for themselves (meaning plaintiff and said W. S. Kellogg), and you folks (meaning said Fonda, Snow & Doane) will be the losers in the end. There isn't one firm that replevied their goods but what will get beat in court and pay costs, besides we (meaning defendant) propose to sue the coroner that replevied the goods after the sheriff (meaning the sheriff of Tazewell county and State of Illinois) had sold us the goods, for the sum of $5,000 damages, at the next term of court.

Our leading lawyers of Pekin all say that they (the lead-

ing lawyers of Pekin) never heard of such a thing as replevying goods after an officer had sold them (meaning goods), and this lawyer (meaning plaintiff) that has your (meaning Fonda, Snow & Doane) claim has paid one fine already for using abusive words, and the consequence is he (meaning plaintiff) will make you folks (meaning Fonda, Snow & Doane) put up for all the costs, as far as the small amount is; it (meaning the costs) doesn't amount to very much, but we (meaning the defendant) do not like to have such scamp (meaning plaintiff) bleed people (meaning Fonda, Snow & Doane) when they (meaning Fonda, Snow & Doane) can't be present (meaning that plaintiff was, is and would be guilty of extortion, fraud and dishonesty toward his clients, the said Fonda, Snow & Doane).

Very respectfully,<br>J. P. SCHNELLBACHER & SONS.

The declaration concludes with the usual averment of injury and damage to the plaintiff in his professional capacity, and to his credit and reputation, etc.

The appellee filed demurrer, as follows:

And the defendant, Henry Schnellbacher, by T. N. Green, his attorney, comes and defends, etc., and says: That the said declaration and the matters therein contained in manner and form as the same are above set forth, are not sufficient in law for the plaintiff to maintain his aforesaid action, and that he, this defendant, Henry Schnellbacher, is not bound by law to answer the same, and he is ready to verify, etc. * * * And the said defendant shows to the court the following special grounds of demurrer:

First. That the words alleged in the plaintiff's declaration to have been published of and concerning the plaintiff show upon their face that they were not so published of and concerning the plaintiff, but of and concerning some other and different person than the plaintiff.

Second. Because, by innuendo, a totally different meaning is placed upon words pretended to have been published of and concerning the plaintiff, from the meaning which is imputed upon the face of the words.

Third. Because, by innuendo, the words pretended to have been published of and concerning the plaintiff were given an impossible and improbable meaning.

Fourth. For other reasons, and also because the said declaration is in other respects uncertain, informal and insufficient.

T. N. GREEN,
Defendant's Attorney.

W. B. COONEY, attorney for appellant.

T. N. GREEN, attorney for appellee.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.
The special causes of demurrer were not well taken.

It does not appear upon the face of the letter the objectionable words do not relate to the plaintiff, and the imputations ascribed by the pleading to the words were consistent with their natural and commonly accepted meaning.

When this is true the plaintiff may, by innuendo, define the defamatory meaning he seeks to put upon the words, and may aver they relate to him. Whether they do so relate or had such meaning and imputation is a question of fact to be determined from the proofs. Newell on Slander, 618 and 619.

Counsel do not in their brief rely so much upon the special grounds of demurrer but chiefly insist there is no sufficient averment of publication of the letter.

They insist it was indispensable to aver that the letter was mailed or sent to and received by Fonda, Snow & Doane, and they, or one of them, read or heard the letter read. We think not. It may have been otherwise published.

If any third person read or heard it read there would be publication of it, and this whether such third person obtained knowledge of its contents by design or through inadvertence. 13 Amer. & Eng. Ency. of Law, pp. 373 and 374 and notes.

The word " published," as used in the declaration, imports the communication of the defamatory writing to some third person or persons. Burton v. Burton, 3 Iowa, 316; Watts v. Greenlee, 2 Der. (N. C.) 115; Drave v. Agan, 1 Code (N. Y.) 134.

The manner of communication need not be averred. See forms for declaration in libel. 2 Chitty Plead. 629, 630; 2 Starkie, 385; Yates' Pleadings, 388.

Judgment reversed and cause remanded, with directions to overrule the demurrer and require defendant to plead. Reversed and remanded.