A. F. LADWIG, Appellee, v. JOHN HEYER, Appellant.

**Slander:** ISSUES AND PROOF: VARIANCE. Proof of statements from which the jury would be justified in believing that defendant intended to charge plaintiff with larceny, as alleged in the petition, is competent in an action for slander, although it does not correspond in form of words to those alleged.

**Repetition of slander:** MALICE. Repetition of a slander though not

in the same words as the original charge but of like import, are admissible to show malice though the words declared on are actionable *per se.*

**Same:** DAMAGES: PRESUMPTION. Where the court instructs that plaintiff can only recover for the malicious speaking of the alleged slanderous words, and if he has failed to prove any of the alleged slanders he cannot recover thereon, it will be presumed on appeal that no damages were assessed on any charge not proven.

**Slander:** INTERPRETATION OF WORDS USED. A slanderous statement will be given the meaning which the words used ordinarily import; and the defendant will not be permitted to show that the language used was intended in any other sense, unless at that time he made some explanation modifying its natural defamatory signification, or there was some fact known to his hearers from which they could properly infer that he did not intend his language to be understood according to its usual and ordinary signification.

**Same:** MITIGATION. Where a defendant sued for slander rests his case entirely upon a denial, the exclusion of evidence in mitigation is not erroneous.

**Slander:** EVIDENCE. A witness who has detailed an alleged slanderous statement may be permitted to give the remainder of the conversation in which the statement was made, for the purpose of showing that defendant intended the witness should understand the charge as imputing a crime.

**Slander:** PRESUMPTION OF FALSITY. In the absence of a plea of justification alleging the truth of a claimed slanderous statement the law presumes the charge to have been false.

*Appeal from Plymouth District Court.*— HON. J. L. KENNEDY, Judge.

THURSDAY, NOVEMBER 14, 1907.

ACTION at law to recover damages for alleged slander. Verdict and judgment for plaintiff, and defendant appeals. — *Affirmed.*

*Martin & Martin* and *McDuffie & Keenan,* for appellant.

*Sammis & Bradley,* for appellee.

WEAVER, C. J.— The plaintiff's cause of action is stated in six counts. The first count alleges that defendant, in the presence of certain named witnesses, said to plaintiff, " When you get ready to steal some more of my oats, come on down," and that by said words, defendant meant and was understood by the witnesses to mean that plaintiff had in fact stolen oats. Each of the remaining five counts alleges that defendant in as many different instances and in the presence of certain witnesses said of the plaintiff: " Ladwig is a thief." The defendant denies each count of the petition, and, by way of counterclaim, alleges that plaintiff at a certain time and place and in the presence of witnesses said of and concerning the defendant, " You are a thief. You stole a bed out of the hotel "; and, again, that plaintiff spoke of the defendant, and said, " Heyer is a thief. He stole a bed out of the hotel." To the counterclaim plaintiff answered in denial, and in a separate count pleaded other alleged facts in mitigation. The appellant seeks a reversal of the judgment below on several grounds, to which we shall briefly advert.

I. It is said that plaintiff offered no proof to support one of the counts set up in the petition, and that the court erroneously failed to withdraw said count from the jury.

1. SLANDER: issues and proof: variance. It is true that certain witnesses introduced upon the part of plaintiff to sustain the charge or charges set forth in the petition failed to testify that defendant said, in so many words, " Ladwig is a thief," but in all, or nearly all of said instances such witnesses did testify to language from which it might fairly be inferred that he intended to charge the plaintiff with larceny. For instance one Wyette, being offered to prove the claim of plaintiff as set up in the second count, testified that the language of the defendant was to the effect that plaintiff took oats that did not belong to him, and defendant thought he was a rogue. So, also, one Perry, testifying in support of a like charge of slander set up in another count, said that defendant

spoke to him of some deal he had with plaintiff about oats and other matters, and said that Ladwig had taken some stuff that did not belong to him.    While the statements thus shown do not correspond in form to those alleged in the petition, the jury would be justified in finding that defendant intended thereby to charge the plaintiff with larceny.    Such being the case, we think that the proof was admissible in support of the allegation that defendant charged the plaintiff with being a thief, and, if such be the case, there was no error in failing to withdraw the counts referred to from the consideration of the jury.

Upon this subject, the court instructed the jury that plaintiff was not required to prove the speaking of the slanderous words by the defendant exactly as stated in the petition, but that it would be sufficient to prove the speaking by him, " at the time and place alleged, substantially the words so set out or a sufficient number of them to amount in their common meaning to charge stealing or larceny against the plaintiff."    In another paragraph of the instructions, the jury were told that evidence of the speaking of other words than those charged in the petition had been admitted for the sole purpose of showing malice in the speaking of the words charged, and should only be taken into consideration in so far as they tend to show malice on part of the defendant in speaking the words charged concerning the plaintiff.    These directions in our judgment embody the law as applicable to the particular question now under consideration.

It is competent in actions for slander to prove a repetition of the slanderous charge for the purpose of showing malice.    See *Halley v. Gregg,* 74 Iowa, 564.    These repetitions need not be shown to have been made **2. REPETITIONS OF SLANDER: malice.** in precisely the same language as the original slander charge.    If the repetition is in words of like import, they are admissible to show malice, even though the words declared on are actionable *per se.    Bailey v. Bailey,* 94 Iowa, 598.

It may also be said that the court distinctly directed the jury that plaintiff could recover only by proof of the malicious speaking of the alleged slanderous words, and that, if

**3. SAME: damages: presumption.** the plaintiff had failed to establish any of the alleged slanders, he could not recover damages thereon.· We must presume that the jury obeyed the instructions of the court in this respect, and that no damages were assessed on any charge not thus established.

II. Plaintiff having testified that defendant, in the presence of others, said to him, " When you get ready to steal any more of my oats, let me know," he was asked on cross-

**4. SLANDER: interpretation of words used.** examination whether there had not been prior difficulty between him and defendant concerning oats which had been grown on land sold by the former to the latter, and, further, whether plaintiff had not, in fact, taken such oats and sold them to others after he had sold them to the defendant. Objection to this interrogatory was sustained, and thereupon defendant offered to show, by the deposition of the plaintiff taken in another action, that he had in fact taken the oats which he was thus accused of stealing. This offer was also denied upon objection by the plaintiff. These rulings are assigned as error. The objection is not well taken. The language testified to clearly imported the charge of theft (*Prime v. Eastwood,* 45 Iowa, 640), and while it is true that if,the words so used were intended simply to charge an unlawful taking, as distinct from stealing, and there were any circumstances known both to the speaker and hearers which would tend to convey to the latter the less offensive imputation or meaning, the fact would be admissible in evidence in support of the defense, yet, where a charge made or language used when construed according to its ordinary meaning imports a charge of crime, the mere fact that defendant used the words inadvisedly, intending thereby to charge only an ordinary trespass or conversion, would not be available as a defense, unless at the time the words were spoken defendant made some explanation modi-

fying the natural defamatory signification of his language, or unless there was some fact or circumstance known to his hearers from which they could properly infer that he did not intend to charge the plaintiff with a criminal offense. He did not offer to show any such explanatory statement or circumstance, and the court therefore rightly refused to permit him to show that, in his own mind, he did not intend his language to be understood according to its usual and ordinary signification.

It is possible such matter would have been admissible in mitigation of damages if any such plea had been interposed, but, appellant having seen fit to rest his case upon a denial

5. SAME: mitigation. alone, the exclusion of matters in mitigation was not error. Code, section 3593. In *Dempsey v. Paige,* 4 E. D. Smith (N. Y.), 218, it was held in an action for slander that evidence that the slanderous words were used in a sense different from their natural meaning is not competent, unless accompanied with proof that such different meaning was explained at the time they were uttered. See, also, to the same effect, *Sabin v. Angell,* 46 Vt. 740; *Laine v. Wells,* 7 Wend. (N. Y.), 175; *Phillips v. Barber,* 7 Wend. (N. Y.), 439; *Delaney v. Kaetel,* 81 Wis. 353 (51 N. W. 559); *Upham v. Dickinson,* 50 Ill. 97; *McCormack v. Sweeney,* 140 Ind. 680 (40 N. E. 114).

III. In the examination of the witness Perry, to which reference has already been made, the witness, after repeating the alleged statement by the defendant that Ladwig had

6. SLANDER: evidence. taken some stuff which did not belong to him, was permitted to detail the remainder of the conversation in which that statement was made, and to state that in the same connection the defendant warned the witness that Ladwig would beat him out of any debt which he might be owing him, and that the witness had better not trust him, and further, that, if Ladwig continued to trade with the witness, defendant would not. Defendant excepted to the introduction of this testimony, and assigns error thereon.

If these latter statements stood alone and unconnected with the charge of wrongful taking of property by the plaintiff, the objection thereto might well have been sustained. We think, however, that they are not without some significance in giving a character and meaning to the defendant's assertion that plaintiff had taken property that did not belong to him, and that the jury might properly consider the same as bearing upon the question whether the defendant did or did not mean to be understood as charging the plaintiff with having stolen the property referred to. We find nothing in the ruling complained of to justify us in setting aside the verdict.

IV. In its charge upon the subject of damages in case the plaintiff was found entitled to recover, the court instructed the jury as follows: "The amount of plaintiff's recovery, if any, is to be determined by you from a consideration of all the evidence and circumstances proved in the case. In determing such amount, you will consider the character of the charge, the falsity of the same, and all of the facts and circumstances proved on the trial having reference to this subject." This instruction is complained of as assuming the falsity of the alleged slanderous charges. The criticism is without merit. The jury had just been told that, in order to find the plaintiff entitled to recover anything, it must first be found that defendant did make use of the alleged slanderous words charging the defendant with the crime of larceny, and the statement in the instruction to which exception is taken is based upon the assumption that the jury had first found that defendant did in fact make use, in form or in substance, of the language imputed to him. That fact being found, it was not necessary for the plaintiff to proceed to prove such slanderous charge to be false; and, in the absence of any plea of justification alleging the truth of the charge, the law presumes it to be false, and the court was not in error

7. SLANDER: presumption of falsity.

in so stating the rule to the jury.    See *Morse v. Printing Co.,* 124 Iowa, 718, and cases there cited.

Other exceptions were taken by appellant to rulings made by the trial court, some of which have not been mentioned in argument, and, as to the others, we think they are fairly governed by the propositions we have already considered and passed upon.

Finding no reversible error in the record, the judgment of the district court is *affirmed.*