## TAYLOR v. BOND.

[No. 6,707.   Filed May 11, 1909.]

PLEADING.—*Answer.*—*Libel and Slander.*—To a complaint alleging that defendant called the plaintiff a thief and said that the plaintiff "stole Ed O'Haver's money," an answer that plaintiff represented himself to be the deputy prosecuting attorney, and, as such, collected a fee from said O'Haver when he was not such deputy, and that the conversation in which such statement was made referred to, and was understood by all to refer to such unlawful taking of such fee, sufficiently shows that the crime of larceny was not imputed to plaintiff.

From Daviess Circuit Court; *Hileary Q. Houghton*, Judge.

Action by William A. Taylor against Charles L. Bond. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*James S. Pritchett, Cullop & Shaw, Gardiner, Tharp & Gardiner* and *Alvin Padgett*, for appellant.

*A. M. McClure, J. W. Emison* and *A. J. Padgett*, for appellee.

COMSTOCK, P. J.—Action for slander brought by appellant against appellee in the Knox Circuit Court and upon change of venue was tried in the Daviess Circuit Court. The complaint is in one paragraph, and alleges that on Decem-

ber 17, 1906, defendant spoke of and concerning the plaintiff, in a certain discourse which he then and there had in the presence of divers persons, maliciously the following false and defamatory language: "You [the plaintiff] are a thief." "You [the plaintiff meaning] stole Ed O'Haver's money"—thereby charging and intending to charge the plaintiff with the crime of larceny. A demurrer for want of facts was overruled to the complaint, and the defendant answered in five paragraphs. The first being a general denial. A demurrer was sustained to the second, third, fourth and fifth paragraphs.

The defendant filed an amended second paragraph of answer. It admits the speaking of the words set out in the complaint, but avers that they were spoken in connection with other words in a certain conversation had; that plaintiff was a practicing attorney before justices of the peace and sometimes in the Knox Circuit Court; that on said day, and some time before, one Funk was a justice of the peace of Knox county, where plaintiff resided; that on and prior to said day Ed O'Haver resided in the neighborhood; that said O'Haver and defendant were farmers; that on December —, 1906, O'Haver was arrested on a warrant issued by said Funk upon an affidavit prepared and filed by plaintiff charging said O'Haver with a misdemeanor in damaging a certain highway in said county by hauling too heavy loads thereon; that said O'Haver was tried and convicted on said charge and required to pay fine and costs assessed; that plaintiff acted in the capacity of prosecuting attorney and caused to be taxed a fee of $5, which fee O'Haver paid, under the belief that it was proper; that plaintiff was not the prosecuting attorney or a deputy, and had never taken the oath of office required, and had no right or authority to have such fee taxed in said court; that no prosecuting attorney or a deputy was present at the trial or during the proceedings; that the taxing of said fee was unlawful and oppressive; that the plaintiff con-

nived with said justice and induced him to tax said fee as a part of the proceedings, and O'Haver paid the fine and costs in order to save himself from imprisonment and duress; that the plaintiff received said fee; that he had no right to receive and appropriate the same to his own use; that a few days thereafter plaintiff and defendant met and conversed in the presence of divers persons, being the same conversation referred to in the complaint; that the plaintiff and all persons within hearing understood the same to refer to said fine and costs of said O'Haver; that at said time plaintiff and all divers persons hearing same were well acquainted with the circumstances of said conversation and cause and meaning of same; that the plaintiff said to the defendant: "You say I [the plaintiff meaning] am a thief, that I [plaintiff meaning] stole Ed O'Haver's money?" to which inquiry defendant replied as follows: "I [defendant] do not say you are a thief, or that you stole Ed O'Haver's money, but what I do say is that you just as well stole it as to have got it the way you did." The defendant further avers that said words were spoken in said conversation and in reference to said prosecution and payment of said fee, and were so understood by plaintiff and all who heard said conversation, and were understood by them as a characterization of the wrongful and unlawful manner of taxing costs against said O'Haver in said prosecution, and the defendant was not understood by the plaintiff or other persons who heard said conversation as charging or intending to charge the plaintiff with being a thief or guilty of the crime of larceny. So the defendant says that said plaintiff did obtain Ed O'Haver's money wrongfully and unlawfully, and that said words were spoken by the defendant to the plaintiff as herein set forth, in the sense and meaning as understood by the plaintiff and the other persons hearing the same.

It is the insistence of appellant that this paragraph of answer is a justification. We do not so construe it. It

admitted the speaking of the words set out in the complaint, and at the time and place and within the hearing of other persons as charged in the complaint, by giving the full conversation in which the particular words were used. It shows the transaction, the connection of appellant with the transaction, and the subject-matter of conversation complained of, to which he made reference. It avers that appellant and all persons who heard it were familiar with the facts, circumstances and subject-matter of the conversation and of appellant's acts in connection therewith; that they fairly understood the manner and words used by appellee; that the words so used were a characterization of appellant's conduct in reference to the particular transaction as wrongful, and were not understood by them as charging or attempting to charge appellant with being a thief or guilty of the crime of larceny. The answer containing these averments is sufficient. *McCormack* v. *Sweeney* (1895), 140 Ind. 680; *Berry* v. *Massey* (1886), 104 Ind. 486; *Carmichael* v. *Shiel* (1863), 21 Ind. 66; *Cooper* v. *Smith* (1889), 119 Ind. 313; See, also, *Ball* v. *Evening Am. Pub. Co.* (1909), 237 Ill. 592, 86 N. E. 1097, 1100. Words which are not actionable in themselves are rendered slanderous by the subject-matter to which they have relation, and, on the other hand, words which, unexplained by extraneous circumstances, would be actionable, prove to be harmless when so explained. 18 Am. and Eng. Ency. Law (2d ed.), 986. We find no error in the action of the court.

Judgment affirmed.