JENNIE FITZGERALD, APPELLEE, V. EDWARD E. YOUNG, APPELLANT.

FILED JUNE 26, 1911. No. 16,465.

1. **Appeal: REVIEW.** Affidavits in support of a motion for a new trial cannot be considered on appeal, unless made a part of the bill of exceptions.

2. **Libel and Slander: EVIDENCE.** Where plaintiff in a suit for slander pleads that words actionable *per se* were spoken of plaintiff by defendant in presence of a third person named and others, proof that the words were spoken to such person alone will sustain a recovery.

3. **Appeal: VARIANCE.** On appeal a judgment will not be reversed for an immaterial variance between an allegation in the petition and plaintiff's proofs.

4. **Libel and Slander: EVIDENCE.** To say of a woman in her profession of school teacher that she "is crazy and not fit to teach school," or that she "is crazy and is an unmerciful liar and is unfit to teach school," is actionable *per se*, if the words are spoken to and heard by a third person.

5. ———: **SPECIAL DAMAGES: PLEADING.** In a suit for slander, pleading

and proof of special damages are unnecessary, where the imputation is actionable *per se*.

6. ———: INSTRUCTIONS. Where words actionable *per se* are proved as pleaded in an action for slander, the trial court should not sever the words or phrases composing the defamatory matter and instruct the jury that the dismembered parts are not defamatory.

7. ———: EVIDENCE. In proving a slander composed of several phrases, a witness is not required to state in an answer to a single question all of the defamatory matter pleaded, but it is sufficient for him to testify in several answers to all of the phrases composing the whole and state facts showing that they were published in one conversation in the sense alleged in the petition.

8. Appeal: BRIEFS: REFERENCE TO BILL OF EXCEPTIONS. If criticism of an instruction is based on particular testimony, such testimony should be specifically pointed out in the brief by a correct reference to the page or pages in the bill of exceptions where it may be found.

9. Libel and Slander: PUBLICATION: LIABILITY. A defamer who publishes a slander may be held liable for the consequences of later publications naturally resulting from his act.

10. Appeal: REVIEW. On appeal appellant cannot predicate error on a ruling in his own favor.

11. Libel and Slander: MALICE: EVIDENCE. Where malice is an issue in an action for slander, the plaintiff may show that defendant repeated the slanderous words both before and after the commencement of the suit. *Bloomfield v. Pinn*, 84 Neb. 472.

12. ———: PRIVILEGE: PLEADING AND PROOF. In an action for slander, the defense of privilege, to be available, must be proved.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*Tibbets & Anderson* and *J. B. Strode*, for appellant.

*George W. Berge, contra.*

ROSE, J.

This is an action for slander resulting in injury to plaintiff in her profession of teacher. She had been regularly employed at a salary of $45 a month to teach in a

public school near the village of Panama for nine months, beginning September 10, 1906. The defamatory expressions attributed to defendant are: (1) "Miss Fitzgerald is crazy and is an unmerciful liar and is unfit to teach school." (2) "Miss Fitzgerald is crazy and not fit to teach school." According to the petition, both statements were made "in the presence and hearing of Frank A. Phillips and divers other citizens," the first having been published at Panama, on or about December 1, 1906, and the second on a public highway near plaintiff's school, on or about December 15, 1906. The answer was a general denial. The jury rendered a verdict in favor of plaintiff for $3,500, but to prevent the granting of a new trial she filed a remittitur for half of that sum, and from a judgment against defendant for $1,750 he has appealed to this court.

Failure to grant a new trial on account of newly-discovered evidence is urged as a ground of reversal, but the ruling assailed cannot be reviewed because the affidavits relating to the evidence discovered after the trial are not in the bill of exceptions. They appear in the transcript, but that is insufficient to show they were presented to and considered by the trial court. *Rosecrans v. Asay*, 49 Neb. 512.

Complaint is made of an instruction reading thus: "This is an action for slander. Words spoken falsely of a woman school teacher, that she is crazy and an unmerciful liar and unfit to teach school, when coupled together, are actionable in themselves, or *per se*, and in an action of slander against the person who made such a charge it is not necessary to either allege or prove special damages in order to maintain the action. The law implies that such words were maliciously spoken. If the jury believe from the evidence that the defendant spoke of and concerning the plaintiff, on or about the 1st and on or about the 15th of December, 1906, or either of said dates, the slanderous words as alleged in the petition, in the presence and hearing of one Frank A. Phillips, or other per-

sons, then the plaintiff would be entitled to a recovery in this action."

One criticism is that the instruction is inapplicable to the issues and proofs, since the petition charges that the defamatory statements were made "in the presence and hearing of Frank A. Phillips and divers other citizens," while the evidence shows that Phillips alone heard them. Phillips was a witness on behalf of plaintiff, and testified that the slanderous words pleaded were uttered by defendant in his presence in a store in Panama. He states also that others were present, and that some of them might have been within a few feet of defendant; that afterward the story was common report in the neighborhood; that there were groups of people in the village discussing it; that it was discussed by patrons of the school and others; that only half the pupils attended school; and that plaintiff had difficulty in finding a boarding place. On cross-examination defendant admitted that he had a conversation with Phillips about December 1, 1906, in the store in Panama; that he had talked about plaintiff in her professional capacity, and that he had said she was "queer." He denied that others heard his statements, but qualified his denial by saying that he did not remember of others having heard what he said. It thus appears that there is direct proof that the defamatory matter was published in the presence of Phillips, and there is at least a strong inference that others heard it. In any event, the evidence indicates that by some means it spread over the neighborhood. The instruction did not relate to the measure of damages, but it directed the jury that plaintiff would be entitled to recover, if they believed from the evidence that defendant, at the time alleged in the petition, spoke of and concerning her in the presence of Phillips, *or other persons,* the defamatory words pleaded. In proving a publication, plaintiff was not required to show that the slander was made known to the public generally. For that purpose it was enough to show that it was orally communicated to a single person other than

plaintiff.  *Adams v. Lawson,* 17 Grat. (Va.) 250; *Mc-Laughlin v. Schnellbacher,* 65 Ill. App. 50; *Luick v. Driscoll,* 13 Ind. App. 279.  Actionable words spoken may be proved by any one who heard them, though it is alleged they were uttered in the hearing of a person named and others.  *Bradshaw v. Perdue,* 12 Ga. 510; *Ware v. Cartledge,* 24 Ala. 622, 60 Am. Dec. 489; 2 Greenleaf, Evidence (16th ed.) sec. 414.  The injury for which plaintiff demands redress resulted from the publication of the actionable words.  If the patrons of her school or others afterward collected in groups and discussed the story that she was crazy and a liar, the fact of the publication became more important than the names of the persons to whom it was told.  The code recognizes this principle, and provides that in an action for slander it is sufficient to state generally in the petition that the defamatory matter was spoken of the plaintiff.  Code, sec. 131.  Under the statutory rule it is not necessary to allege the name of the person to whom the words were spoken.  *Ware v. Cartledge,* 24 Ala. 622, 60 Am. Dec. 489.  To establish her right to recover, plaintiff was only required to prove that the slanderous statements were spoken to a person other than herself.  This proof was adduced.  If there was a variance between an unnecessary allegation of the petition and the testimony, it was immaterial, within the meaning of section 138 of the code, which declares that "no variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice."  It follows that a reversal cannot be based on that part of the instruction permitting a recovery, if the defamatory words were spoken to Phillips or others.

The instruction is also criticised because it contains a ruling that the charges pleaded are actionable *per se.*  The petition and evidence show that defendant spoke of plaintiff in her profession of teacher.  If his statements were true, she should not be engaged in teaching, and school officers should not employ her.  The circulation of

such reports would injure, if not ruin, her professionally. That they are actionable *per se* is not open to controversy. *Lindley v. Horton,* 27 Conn. *58; *Price v. Conway,* 134 Pa. St. 340, 19 Am. St. Rep. 704; *Williams v. Davenport,* 42 Minn. 393, 18 Am. St. Rep. 519; *Danville Democrat Publishing Co. v. McClure,* 86 Ill. App. 432; *Totten v. Sun Printing & Publishing Ass'n,* 109 Fed. 289. The words being actionable on their face, pleading and proof of special damages were unnecessary. *Boldt v. Budwig,* 19 Neb. 739. It follows there is no prejudicial error in the instruction quoted..

Other assignments of error are based on the failure of the trial court to instruct separately upon request of defendant that "calling one 'an unmerciful liar' was not defamatory"; that "to speak of a person as 'crazy' is not defamatory"; that "to speak of a person as 'unfit to teach school' was not defamatory." These requested instructions did not state the law applicable to the issues and the proofs, and were properly refused. The expressions pleaded were actionable *per se,* and plaintiff's evidence tended to show that they were published as alleged. The petition stated, and the testimony on behalf of plaintiff tended to show, that she had been slandered in her profession of teacher, and the rejected instructions disregarded this feature of the case. The trial court properly declined to sever the different phrases or words for the purpose of eliminating from the dismembered parts the sting of slander. There was nothing in the testimony to justify the course suggested by defendant in the requested instructions. While Phillips did not in a single answer to a question repeat on the witness-stand all the words of an entire slander as pleaded, he repeated in several answers all the words constituting both slanders, and testified to facts showing that they were spoken of and concerning plaintiff in a single conversation, as alleged in the petition. This was sufficient proof of the publication of the defamatory expressions attributed to defendant. 2 Greenleaf, Evidence (16th ed.) sec. 414; *Iseley v. Love-*

*joy,* 8 Blackf. (Ind.) *462. It follows that the trial court did not err in refusing to charge the jury as requested.

A direction to the jury to consider in a limited sense evidence relating to plaintiff's troubles with the school board and the county superintendent is the subject of another assignment. Defendant in discussing the instruction has not specifically pointed out the particular testimony which, from his standpoint, makes the charge erroneous. In the bill of exceptions there are 759 pages of type-written matter, and they will not be searched on this point, since defendant has disregarded the rule that "each brief shall by number designate the several pages of the record containing matter bearing upon the questions discussed in such brief." 80 Neb. xi, rule 9, par. *h.* The discussion of some of the other instructions relating to evidence is subject to the same infirmity.

It is further argued that the trial court erred in refusing to instruct, in substance, at the request of defendant, that plaintiff's right of recovery, if any exists, is limited to the words spoken to Phillips. The argument seems to be that plaintiff was permitted to recover for mental suffering and for other elements of damage not traceable to the original publication. Testimony requiring such an instruction is not pointed out in the manner required by the rules of this court, but the instruction requested did not state the law of slander applicable to the present controversy. A defamer is not permitted to speak actionable words to a single person, when others are near, and call upon the court in an action for slander to protect him from the consequences of later publications which naturally result from his act. The rule is that "one who puts a libel in circulation is liable for any subsequent publications which are the natural consequence of his act." *Schmuck v. Hill,* 2 Neb. (Unof.) 79. Whether subsequent publications were the natural consequences of the original slander was a question for the jury. The original publication was fairly proved. That the slander was common report afterward was shown without objection. Plaintiff

was permitted to testify that the publications caused her mental suffering. This was not prejudicial error. *Laing v. Nelson,* 40 Neb. 252. Viewed in any proper light, the instruction should not have been given.

A number of affidavits copied from the record of another suit appear in the bill of exceptions, and defendant insists they were erroneously admitted in evidence. The record, however, shows the objection to their admission was sustained. Of course, he cannot predicate error upon a ruling in his favor.

Defendant also complains because the trial court allowed a witness to testify that defendant, when at the Burlington station in Lincoln, February 9, 1907, published to persons then present statements similar to those alleged in the petition. The defendant was permitted to defend as though the alleged slanderous words were uttered under such circumstances as to make them qualifiedly privileged, and the evidence challenged was responsive to this feature of the case. By an instruction the jury were only allowed to consider this testimony for the purpose of showing malice. The law applicable was recently stated as follows: In an action for slander, the plaintiff may show a repetition by the defendant of the slanderous words both before and after the commencement of the suit to prove the existence of malice. *Bloomfield v. Pinn,* 84 Neb. 472.

Defendant seeks protection from the judgment on the ground that the communications were privileged. This defense is based on the fact that he was a member of the school board which employed plaintiff. The occasion was not a privileged one. Phillips, the person who heard the imputations, lived in another school district and was not a member of any board, court or other tribunal having authority to investigate plaintiff's conduct or qualifications as a teacher, or to remove her from her position or to grant other relief, if the charges made by defendant were true. The store and the public highway, in the absence of school officers, were not privileged places to pre-

fer charges under the circumstances disclosed. It does not appear that Phillips was a magistrate or a commissioner of insanity who should be advised of the conduct and condition of plaintiff in her own interests or for the public good. It is not shown that Phillips was a confidential adviser of defendant. The defense of privilege is not shown in any way. Besides evidence indicating malice was submitted to the jury.

No reversible error has been found, and the judgment is

AFFIRMED.