## R. H. GOVE *vs.* H. K. BLETHEN.

### Oct. 10, 1874.

**Slander of Person Holding Office.**—In order to render defamatory words actionable, in themselves, when spoken in reference to the official character or action of a person holding an office of profit, it is not necessary that they should charge a crime; it is sufficient if they charge incapacity, or want of integrity, or corruption in the officer.

**Slander of Justice of Peace.**—In an action for slander, the complaint alleged that the slanderous discourse was "of and concerning said plaintiff in the execution of his said office of justice of the peace, and of and concerning a decision the plaintiff had then recently made, in a suit before him' as such justice of the peace, wherein O. P. W. was plaintiff, and the said defendant was defendant, etc." *Held,* on demurrer to the complaint, that these allegations of the complaint import that the plaintiff, as a justice of the peace, had jurisdiction of the action mentioned therein, and had made the decision therein referred to as such justice of the peace.

**Same.**—Spoken of the plaintiff as a justice of the peace, and in the execution of his office, the following defamatory words, laid in the complaint with proper averments and innuendoes, are actionable in themselves, to wit: "Gove perjured himself in deciding the suit of Whitcomb against me,  *  *  *  * and I will be d—d if I will believe him under oath, for he has decided against me contrary to all law and evidence, and it is the G—d d—est erroneous decision I ever saw any justice give, and it was a d—d outrage, and it was done for spite." These words charge the plaintiff, (1) with having violated his official promissory oath, (2) with having made a corrupt and malicious decision against the defendant in the case referred to.

Appeal by defendant from an order of the district court for Olmsted county, overruling a demurrer to the complaint.

*P. M. Tolbert* and *R. A. Jones*, for appellant.

*Charles M. Start*, for respondent.

McMILLAN, C. J. This is an action for slander. The defendant demurred to the complaint, upon the ground that it does not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the defendant appealed from the order overruling the demurrer.

There are two classes of defamatory words for which an action may be sustained: *first*, words which are actionable in themselves; *second*, those which become so, in consequence of some special damage which they have caused.

Whether words are actionable in themselves, or not, de-

pends, among other things, upon whether they are spoken of a person individually, or spoken of him in relation to his business, profession or office.

Without entering upon a consideration of the distinctions which may exist between persons holding offices of emolument, and those in mere honorary official positions, it may be laid down as the settled rule, that slanderous words spoken of a person in an office of profit, and relating to him in such office, importing a charge of unfitness, either in respect of morals or capacity, for the duties of such office, or a want of integrity, or corruption therein, are actionable *per se.* Bacon's Abr. Slander, B, 3 ; 3 Bl. Com. (Cooley,) 123, note ; 1 Starkie on Slander, 118 ; Stephen's Nisi Prius, 2555 ; *Dole* v. *Van Rensselaer*, 1 John. Cas. 330 ; *Hopkins* v. *Beedle*, 1 Caines' Rep. 347 ; 2 Chitty Pl. 641, note *l.*

This rule is to be applied to the case under consideration, in determining the sufficiency of the complaint. The complaint, after alleging that at the several times thereinafter mentioned, and for a long time prior thereto, the plaintiff was, and still is a justice of the peace, etc., and the usual matter of inducement, proceeds : " Nevertheless, the said defendant, well knowing the premises, but contriving and maliciously intending to injure the said plaintiff in his good name, credit and reputation, and to bring the plaintiff into disgrace and scandal as justice of the peace, as aforesaid, amongst his neighbors and friends, and other good citizens of this state, on December 30, 1872, at Rochester in this state, in a certain discourse which the defendant then and there had, of and concerning the said plaintiff, and of and concerning the said plaintiff in the execution of his said office of justice of the peace, and of and concerning a decision the plaintiff had then recently made, in a suit before him as such justice of the peace, wherein one O. P. Whitcomb was plaintiff, and the said defendant was defendant, in the presence and hearing of A. J. Wright, and divers other worthy citizens of this state, falsely and maliciously spoke and published of and concerning him, in the exercise of his office of justice of the

6

peace, as aforesaid, and of and concerning the plaintiff's de-
cision of the said suit of Whitcomb against the defendant,
these false, scandalous and malicious words following, that
is to say : 'Gove (the plaintiff meaning) perjured himself in
deciding the suit of Whitcomb (the said O. P. Whitcomb
meaning) against me (the defendant meaning.)' [We omit
here a portion of the discourse which has no bearing upon
the question now before us.]     'And I (the defendant mean-
ing) will be d—d if I (the defendant meaning) will believe
him (the plaintiff meaning) under oath ; for he (the plaintiff
meaning) has decided against me (the defendant in the suit
of O. P. Whitcomb against the defendant meaning) contrary
to all law and evidence, and it is the G—d d—est erroneous
decision (the decision of the plaintiff as justice of the peace, in
the suit of O. P. Whitcomb against the defendant, meaning) I
(the defendant meaning) ever saw any justice give, and it
was a d—d outrage, and it (the decision meaning) was done
for spite,' (meaning that the plaintiff, as such justice, had
decided the said suit of O. P. Whitcomb against the de-
fendant corruptly and for spite.)"     *     *     *

The defendant's counsel objects that the complaint does
not aver that the decision of the suit between Whitcomb
and the defendant was made by the plaintiff as a justice of
the peace, nor that the suit was one of which the plaintiff,
as such justice of the peace, had jurisdiction, nor that the
decision spoken of was one he might have made in the exe-
cution of his office.

There are many respectable authorities which hold that an
averment of jurisdiction, in a case like the present, is not
necessary. *Niven* v. *Munn*, 13 John. 48 ; *Crookshank* v.
*Gray*, 20 John. 344 ; *Wilson* v. *Harding*, 2 Blackf. 241 ;
*Dalrymple* v. *Lofton*, 2 McMullan, 112 ; *Harris* v. *Purdy*,
1 Stew. 231 ; *Canterbury* v. *Hill*, 4 Stew. & P. 224.

But assuming, for the purpose of this case, that jurisdic-
tion must be alleged, we think the allegations of the com-
plaint are sufficient upon that point.

The language of the complaint is that the slanderous dis-

·course was " of and concerning the said plaintiff, and of and ·concerning the said plaintiff in the execution of his said office of justice of the peace, and of and concerning a decision the plaintiff had then recently made, in a suit before him as such justice of the peace, wherein one O. P. Whitcomb was plaintiff, and the said defendant was defendant," ·etc.

This *colloquium* applies all parts of the discourse, which refer to acts of an official character, to the plaintiff as a justice of the peace, and in the execution of his office. If the plaintiff had not jurisdiction of the suit, it was *coram non judice*. The suit referred to could not, therefore, have been before him as a justice of the peace, unless he had jurisdiction; and if the suit was before him as a justice of the peace, no decision could be made therein by him, except in his official capacity, and a decision by him in such suit, in the exercise of his office, must be a decision by him as a justice of the peace.

The allegations of the complaint, therefore, import that the plaintiff, as a justice of the peace, had jurisdiction of the action mentioned therein, and, as such justice of the peace, had made the decision referred to. *Shellenbarger* v. *Norris*, 2 Carter, (Ind.) 286, and authorities cited; *Sharp* v. *Wilhite*, 2 Humph. 434.

" It is not necessary to make a formal averment of jurisdiction, if it appears to exist from the facts stated." *Cannon* v. *Phillips*, 2 Sneed, 185, citing *Chapman* v. *Smith*, 13 John. 78. The case of *Ayres* v. *Covill*, 18 Barb. 260, relied on by the appellant, is not in point. The defamatory words in that case were spoken of an individual. In order to render the words actionable, it was necessary to show that they charged an indictable offence, for which purpose it was essential that certain averments should have been made which the complaint did not contain.

The defendant claims that all the words, taken together as charged, do not impute crime to the plaintiff, as an officer

or otherwise, for which an action can be maintained without averment of special damage.

The substance of the discourse claimed to be slanderous, stating it mildly, is that the plaintiff perjured himself in deciding the suit of Whitcomb v. defendant adversely to the defendant, that he decided it against him contrary to all law and evidence, that it was an erroneous decision, an outrage, and done for spite. We have already seen that in order to render words actionable *per se*, when spoken in reference to the official character or action of a person holding an office of profit, it is not necessary that they should import a crime, but that it is sufficient if they charge incapacity, or want of integrity, or corruption, in the officer. The reason for this rule seems to be this: when an office is lucrative, words which reflect upon the integrity or the capacity of the officer render his tenure precarious, and are therefore a detriment in a pecuniary point of view. 1 Starkie on Slander, 118.

There can be no doubt, we think, that the words stated in the complaint are in themselves actionable, and are within both the reason and the letter of the rule. The charge that the plaintiff perjured himself in deciding the suit referred to against the defendant, while it does not charge a technical perjury, does charge that the plaintiff violated his official promissory oath. Gen. Stat., ch. 9, § 2. A charge of this nature is in itself actionable. *Hopkins* v. *Beedle*, 1 Caines' Rep. 347 ; *Aston* v. *Blagrave*, Strange, 617 ; *Rex* v. *Pocock*, Id. 1157 ; *Kent* v. *Pocock*, Id. 1158 ; 3 Burns' Justice, 18th Ed. 29. But the words spoken in this case go further. They charge against the plaintiff, not only a violation of his official oath, but that the decision was erroneous, contrary to all law and evidence, and rendered against the defendant for spite. A decision of this character must necessarily be corrupt and malicious. If made by a justice of the peace in a case of which he had jurisdiction, it would constitute an offence against public justice, for which he would be liable to indictment and removal from office. 4 Bl. Com. 141 ;

Russell on Crimes, 45, 135; *People* v. *Coon*, 15 Wend. 277; Gen. Stat. ch. 91, § 8; ch. 9, § 2.

The words, therefore, charge not only corruption, and a want of integrity, against the plaintiff, but also a criminal offence.

The order overruling the demurrer is affirmed.