THOMAS H. MARTIN v. ASA PAINE.[1]

October 27, 1897.

Nos. 10,537—(59).

**Libel—Charging Public Officer with Malfeasance.**
A publication which falsely and maliciously imputes to a public officer misconduct in office is a libel. *Held*, that the publication sued upon in this action was libelous on its face.

**Same—Privileged Communication.**
A written and published article falsely and maliciously charging a public officer with misconduct in office is not privileged.

Appeal by defendant from an order of the district court for Carl-

[1] Reported in 72 N. W. 450.

ton county, Cant, J., overruling a demurrer to the complaint. Affirmed.

*Gilfillan, Willard & Willard,* for appellant.

*John Jenswold, Jr.,* for respondent.

BUCK, J.

While the plaintiff Martin was county auditor of Carlton county, in this state, and a duly nominated candidate for re-election thereto, the defendant, Paine, composed, wrote, and published a circular letter, and extensively circulated and distributed the same throughout the entire county of Carlton, directed to a large number of voters and residents in said county, which circular letter is in the following words and figures:

"CARLTON COUNTY BANK.

"Asa Paine, Banker.

"Carlton, Minn.

"Dear Sir: I inclose herewith a marked copy of the Vidette, making the statement that Thos. H. Martin, county auditor, has dropped between 32,000 and 35,000 acres of railroad lands from the tax rolls of this county, thereby saving the railroad co. three years' taxes on said lands in event of the passage of the Anderson bill, to be voted on at this election, and thereby causing a loss in taxes of about $3,500.00 a year, or something like $10,500 for three years, which amount, we all agree, is sorely needed to help make roads and pay debts of our school districts. In extenuation of this extraordinary act, Thos. H. Martin exhibits a letter of the attorney general, dated about a year ago. However, he does not exhibit a second letter of the attorney general, dated about two weeks ago, which makes a sharp demand on Mr. Martin to produce the law and legal authority for this very partial act towards a rich corporation. The status of the matter is that Thos. H. Martin was never asked by the people nor by the attorney general to drop these lands from the tax rolls; and, more than that, it was done so secretly that no one knew anything about it until about a month ago, when the state board of equalization noticed that the amount of lands listed for taxes in 1896 was 31,297 acres less than in the year 1895, and they demanded of the state auditor an explanation of this at once. R. C. Dunn, state auditor, had no knowledge that these lands had been dropped from the tax lists, and said that he should have ordered them left on the tax rolls, as Thos. H. Martin, county auditor of Carlton county, nor the attorney general, had neither of them the least authority to order this act done, and that the railroad company had counsel, and were amply able to fight their own battles, and make the county auditor drop the lands from the tax lists if they could. Please bear

in mind that this is no campaign lie, and can be verified by telegraph or letter; and it is of the greatest importance to us as taxpayers, for it is virtually removing the taxes from the rich corporations, and placing the burden upon the poorer individual.   I hope you will vote for John F. Haynes.

"Very truly,

"Asa Paine."

This action is for libel in writing, publishing, and circulating this circular letter in the manner above described.   The complaint charges the statement in the letter to be false, defamatory, malicious, and libelous.   The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

The only question in the case is whether the letter which was so published is libelous or not.   Notwithstanding the elaborate argument of the respective counsel upon the hearing of the case, we do not feel called upon to enter into any very extended discussion of the question of libel.   That the letter was false, and published willfully and maliciously, and with intent to injure the plaintiff in his capacity as a public officer and defeat plaintiff in his candidacy for reelection to said office of county auditor, is admitted by the demurrer. The demurrer was overruled, and we think correctly so.   The gist of the alleged libel is contained in the charge that Thomas H. Martin, county auditor, has dropped between 32,000 and 35,000 acres of railroad land from the tax rolls of Carlton county, thereby saving the railroad company three years' taxes on said lands in the event of the passage of the Anderson bill, to be voted on at the ensuing election, and thereby causing a loss on the taxes of about $3,500 a year, or something like $10,500 for three years, "which amount, we all agree, is sorely needed to help make roads and pay debts of our school districts."

It is the duty of the county auditor to make a complete list of all lands subject to taxation, and deliver such list to the assessor, who assesses said property and makes a return thereof to the county auditor, who then makes out a tax list to correspond with the assessment books in reference to the description of the property; and each year he sends to the state auditor a complete abstract thereof, showing the number of acres assessed, and the value of such land, and the

amount of taxes levied for all purposes. It is not suggested that there is any provision of the statute which authorizes the county auditor under any circumstances to drop from the tax rolls of the county, of his own accord, any lands or list of any lands so assessed. Hence, if he did an act of this kind, it was unauthorized by law, and the auditor in so doing would be guilty of a public offense. The defendant by his circular letter charged him with dropping from the tax rolls certain lands; and, by his demurrer, he admits that the lands were not dropped, and that such charge was false and malicious. If the lands were on the tax rolls, they were presumed to be there properly and legally, and for taxable purposes; and the charge by the defendant that the plaintiff, as county auditor, dropped them from such tax rolls, was libelous.

A publication which falsely and maliciously accuses a public officer of misconduct in office is a libel. "It is libelous to impute to any one holding an office that he has been guilty of improper conduct in that office." 13 Am. & Eng. Enc. Law, 309, and cases there cited. See, also, Knox v. Meehan, 64 Minn. 280, 66 N. W. 1149; Williams v. Davenport, 42 Minn. 393, 44 N. W. 311. The publication was libelous on its face. The words charge misconduct in office, and are actionable per se. Those who read the circular letter would naturally and presumably understand the words as imputing a charge of misconduct in his office as county auditor, and therefore they are prima facie libelous. Stroebel v. Whitney, 31 Minn. 384, 18 N. W. 98.

The language used, if false and malicious, as it is conceded to be, was completely beyond the limit of fair criticism, and tended to injure the plaintiff in his official capacity, and degrade him in the estimation of the electors of Carlton county, in which county he was then a candidate for re-election to the office of county auditor. The circular letter was not privileged if it was falsely and maliciously written, and distributed among the voters and residents of Carlton county. A written and published article falsely and maliciously charging a public officer with misconduct in office is not privileged.

Order affirmed.