## BRAY, Appellant, v. CALLIHAN.

### Division Two, March 5, 1900.

Slander: WORDS PRESUMPTIVELY SLANDEROUS.   The plaintiff was a school
    teacher, and the petition charged that the defendant, a minister,
    from the pulpit stated: "That man Bray, our school teacher of last
    winter, . . . . is a villainous reptile. . . . His certificate could be revoked
    and I would not be surprised if it would be done yet.   He is not fit
    to be in a decent community.   He is not fit to go with decent girls,
    and I advise mothers to look after their daughters."   Held, that
    such charges on their face justify the presumption without any
    proof or allegation of special damages, that the reputation of plain-
    tiff as a teacher was thereby damaged, and the trial court erred in
    holding that the petition without any allegation of special damages
    did not state a cause of action.

Appeal from Sullivan Circuit Court.—Hon. W. W. Rucker,
Judge.

REVERSED AND REMANDED.

Calfee & Swanger for appellant.

(1)   The words set out in plaintiff's petition are action-
able per se and special damages need not be alleged.   Newell

on Defamation, Slander and Libel, pp. 84, 168; Cooley on Torts, p. 196; Pollard v. Lyon, 91 U. S. 225; Townsend on Libel and Slander (4 Ed.), p. 221; St. James Military Academy v. Gaiser, 125 Mo. 525; Morasse v. Brochee, 151 Mass. 567; Price v. Conway, 134 Pa. St. 340; Odgers on L. and S. (2 Ed.), p. 65. (2) It was held in the case of Newell v. Howe, 22 Minn. 235, that in those trades or professions in which ordinarily credit is essential to their successful prosecution, as, for example, that of a merchant, language is actionable *per se* which imputes to one in such trade or profession want of credit or responsibility or insolvency, past, present or future. Mitchell v. Bradstreet Co., 116 Mo. 241; Novinger v. Vogt, 88 Mo. 589; Spurlock v. Lombard Inv. Co., 59 Mo. App. 225.

*Wattenbarger & Bingham* and *Jno. W. Clapp* for respondent.

(1) Appellant having taken a voluntary nonsuit, no appeal lies herein and this court has no jurisdiction to entertain this appeal. Karnes v. The Am. Fire Ins. Co., 53 Mo. App. 438. (2) No judgment having been rendered on said nonsuit by the lower court, no appeal will lie and no jurisdiction is conferred on the court and appellant's appeal should be dismissed, for when a nonsuit is taken with leave to move to set the same aside a final judgment must be rendered before an appeal will lie. Boggess v. Cox, 48 Mo. 278; Conn v. Ferree, 60 Mo. 17. (3) Not only does the record in this case fail to show a final judgment but it fails to show a judgment of any kind rendered therein by the lower court, therefore no appeal lies. Mills v. McDaniels, 59 Mo. App. 331; Holloway v. Holloway, 97 Mo. 628. (4) The lower court was right in holding appellant's petition insufficient. Curry v. Collins, 37 Mo. 324; Rammell v. Otis, 60 Mo. 365.

*Calfee & Swanger* for appellant in reply.

Respondent's counsel have failed to make the wide distinction between a voluntary and an involuntary nonsuit, and hence have been led into their indefensible position. In the case of Chouteau v. Rowse, 90 Mo. 191, this court stated its opinion of this kind of a nonsuit in such unmistakable language as to settle this case beyond dispute. See, also, Roeder v. Shryack, 61 Mo. App. 485; Chiles v. Wallace, 83 Mo. 84.

BURGESS, J.—This is an action by plaintiff against the defendant for three thousand dollars damages, alleged to have been sustained by him by reason of slanderous words spoken by defendant of him in his professional character of school teacher.

During the years of 1894 and 1895, plaintiff, whose occupation was that of a school teacher, was employed in teaching school in the district in which defendant resided, and of which he was at the time one of the school directors. Defendant at the time of speaking the words complained of was also a minister of the Gospel, and spoke them from the pulpit in the presence of a congregation of persons, in the month of August following the term of school taught by plaintiff in the district of whose board defendant was a director.

The words complained of are as follows:

"That man Bray, our school teacher of last winter, if the Lord will forgive me for ever hiring such a little insignificant man as he is, I will never be guilty of the like again. He has sown more seeds of poison than has ever been sown before in the district. He is a villianous reptile. He has conducted himself in such a way while over here last winter that he had to be reprimanded by the county school com-

missioner. His certificate could be revoked, and I would not be surprised if it would be done yet. He is not fit to be in a decent community. He is not fit to go with decent girls and I advise mothers to look after their daughters."

The defenses were a general denial, and defenses of a special character which for the purposes of this appeal are unnecessary to more specifically state.

When the case was called for trial and a jury was duly impaneled for that purpose, defendant objected to the introduction by plaintiff of any evidence, upon the ground that the petition did not state a cause of action, in that it failed to allege that plaintiff had sustained special damages by reason of the publication of the words set forth in the petition.

The objection was sustained, whereupon plaintiff took a nonsuit with leave to move to set the same aside, and thereafter filed a motion for that purpose, which being overruled he saved his exceptions and brings the case to this court by appeal.

"Spoken words are defamatory whenever special damage has in fact resulted from their use......and when the imputation cast by them on the plaintiff is on the face of it so injurious that the court will presume, without any proof, that his reputation has been thereby impaired. And the court will so presume......when the words are spoken of him in the way of his office, profession, or trade." Ogders on Libel and Slander (2 Ed.), 53; 13 Am. & Eng. Ency. of Law (1 Ed.), 346.

When defendant spoke of plaintiff as being villainous, he thereby cast the imputation upon him of being base, vile, mean and depraved, and, emphasized the expression by adding the word "reptile" after the word "villainous," and then by saying, "he is not fit to be in decent community; he is not fit to go with decent girls and I advise mothers to look after their daughters," such charges upon their face seem to us to be of such an injurious character as to justify the pre-

sumption without any proof, that the reputation of plaintiff as a teacher was thereby impaired. Under such imputations parents would reluctantly, if at all, send their children to such a teacher, and thereby run the risk of having their minds polluted by one openly charged with being a villain, base, vile, etc. Nothing could be more injurious to the business of a teacher than such imputations. While the words spoken may not have been actionable *per se* had they been spoken of plaintiff otherwise than in his capacity as teacher, under the circumstances they were clearly actionable without any allegation in the petition or proof of special damage.

In Buck v. Hersey, 31 Me. 558, the plaintiff, a teacher of dancing, sued the defendant for having, as alleged, accused him of drunkenness, vagrancy, etc., and, it was held that words, not in themselves actionable, may become so when spoken of a person in relation to his employment or business. But, to make them so, the declaration must allege them to have been so spoken, when no special damage is alleged or proven.

So, to impute to a schoolmaster incompetency, or of being unfit to teach because vile, base, mean or depraved. [Ogders on Libel and Slander (2 Ed.), 78.] Thus to say of a schoolmaster that he is a habitual drunkard is actionable without an allegation of special damage. [Brandrick v. Johnson, 1 Vict. L. R. C. L. 306.] "There is no distinction recognized by the authorities in this regard between a learned profession and a mechanical trade." [Newell on Slander and Libel (2 Ed.), 192; Fitzgerald v. Redfield, 51 Barb. 484.] And it has always been held "that words spoken of a person in his office, business or employment, imputing a want of integrity, of credit, of common honesty, are actionable without proof of special damages; and any lawful employment or situation of trust, lucrative

or confidential, is within the rule." [Newell on Slander and Libel (2 Ed.), 192.]

That the slanderous words alleged to have been spoken of plaintiff by defendant were spoken of him as a school teacher is manifest from the words themselves, among which. are that, "He taught our school last winter. He conducted. himself in such a way while over here last winter that he had to be reprimanded by the county school commissioner. His certificate could be revoked, and I would not be surprised if it would be done yet." The law prohibits the employment of any teacher in any school supported by the public funds, or any part thereof, until he has received a certificate of qualification therefor, except as provided in section 8021, Revised Statutes 1889, so that, as plaintiff had a certificate to teach, which is plainly implied by the slanderous statements, his profession or occupation was that of school teacher, and the imputation cast against him as such was of the most damaging and serious character, and clearly actionable, without any allegation of special damages.

The judgment is reversed and the cause remanded to be proceeded with in accordance with the views herein expressed.

*Gantt, P. J.,* and *Sherwood, J.,* concur.