## JOSEPH H. BEEK v. JOHN C. NELSON.[1]

June 5, 1914.

Nos. 18,558—(99).

**Slander — words actionable per se — pleading special damages.**

> Spoken words directly disparaging a person in his calling or employment are slanderous and are actionable *per se*. In a complaint charging the use of such words, special damages need not be alleged. Schaefer v. Schoenborn, 101 Minn. 67, 111 N. W. 843, distinguished.

Action in the district court for Ramsey county to recover $25,000 for slander. From an order, Catlin, J., sustaining defendant's demurrer to the complaint, plaintiff appealed. Reversed.

*Lawler & Mulally,* for appellant.

*Denegre & McDermott,* for respondent.

HALLAM, J.

Plaintiff brought this action to recover damages for slander. Defendant demurred to the complaint. The demurrer was sustained. Plaintiff appealed.

The complaint alleges that, from 1902 to 1911, plaintiff filled the position of secretary and executive officer of the St. Paul Jobbers and Manufacturers Association, and in 1911 accepted, and has since filled, the same position with the St. Paul Association of Commerce; that both of these organizations were organized by leading business and professional men of St. Paul, for the purpose of advancing the financial and commercial interests of the city, and co-operating with the public officials of the city in all matters relating to the advancement of the city; that the duties of plaintiff have consisted largely in representing the associations in hearings before the board of public works and the city council of the city in matters pertaining to the making of public improvements, and particularly to the

---

[1] Reported in 147 N. W. 668.

paving of streets; that on June 12, 1913, in the discharge of said duty, plaintiff attended a meeting of the board of public works, called for the consideration of the paving of Summit avenue and of the kind of material to be selected for such work; that defendant, in the presence of others, maliciously said concerning plaintiff's character as such secretary and executive officer: "He is a paid hireling of the creosoted block combine." "He has never done a decent or respectable thing for St. Paul in the last 20 years." "He was employed for 20 years to do the dirty work of the Jobbers Union." Plaintiff alleged no special damage. The trial court held that the words spoken were not actionable without allegation of special damage, and that therefore no cause of action was stated; that spoken words are under no circumstances actionable *per se* unless they charge or impute a crime. In this the court erred.

It is clear that the words mentioned disparage plaintiff in his employment or calling. They charge him with serving two masters, they impute want of integrity and dishonorable methods of work and conduct unbefitting him for the position he holds. There are two classes of defamatory words, *first,* those which are actionable in themselves; and, *second,* those which become so, in consequence of some special damage which they have caused. Where the natural consequence of the words is a damage, they are in themselves actionable, without allegation or proof of special damage. Applying this rule, it is generally considered that words that charge a crime are actionable *per se,* and, by the great weight of authority, spoken words directly disparaging a person in his employment or calling are held to be actionable *per se,* even though they do not charge a crime. Newell, Slander & Libel (2d ed.) 168; Odgers, Libel & Slander, (5th ed.) 377; Folkard, Slander & Libel, (7th ed.) 3; 25 Cyc. 346; Vial v. Larson, 132 Iowa, 208, 109 N. W. 1007; Morasse v. Brochu, 151 Mass. 567, 25 N. E. 74, 8 L.R.A. 524, 21 Am. St. 474; Bray v. Callihan, 155 Mo. 43, 55 S. W. 865; Fitzgerald v. Young, 89 Neb. 693, 132 N. W. 127; Fowles v. Bowen, 30 N. Y. 20; Montgomery v. New Era Printing Co. 229 Pa. St. 165, 78 Atl. 85; Gross Coal Co. v. Rose, 126 Wis. 24, 105 N. W. 225, 2 L.R.A. (N.S.) 741, 110 Am. St. 894, 5 Ann. Cas. 549. This rule was

recognized, though not directly involved, in some early cases in this state. Gove v. Blethen, 21 Minn. 80, 18 Am. Rep. 380; Pratt v. Pioneer Press Co. 32 Minn. 217, 223, 18 N. W. 836, 20 N. W. 87. The rule is applicable to a person engaged in any lawful occupation or employment by which he gains his livelihood. Johnson v. Shields, 25 N. J. L. 116. The reason of the rule is that, when an employment is lucrative, words which reflect upon the integrity or the capacity of the employee render his tenure precarious, and are therefore a detriment in a pecuniary point of view. Gove v. Blethen, 21 Minn. 80, 18 Am. Rep. 380.

This rule would probably not be questioned in this case were it not for a statement made in the opinion in the case of Schaefer v. Schoenborn, 101 Minn. 67, 111 N. W. 843, that "spoken words are not actionable *per se,* unless they charge the commission of a crime." We think it clear that the court did not, by the use of this language, intend to repudiate the thoroughly settled rule that words that directly disparage a man in his calling or employment are actionable *per se,* nor to disapprove the Minnesota decisions which had recognized that rule. It is hardly conceivable that the court should have done either, without making any reference to these decisions or to this well-settled rule. The fact is that the question whether words disparaging a person in his calling or employment were actionable *per se* was not before the court in Schaefer v. Schoenborn. The doctrine was not questioned on either side. In fact an examination of the record discloses that it was conceded. The court was simply deciding the case before it and stated only the general rule applicable to the facts of that case, without mentioning a qualification which must be made under a different state of facts. The decision in Schaefer v. Schoenborn is not controlling here and does not determine the question here involved.

We accordingly hold that the language charged is actionable *per se* without allegation of special damage and that the complaint states a cause of action.

Order reversed.