A. E. MacINNIS v. NATIONAL HERALD PRINTING COMPANY.[1]

May 3, 1918.

No. 20,833.

**Libel and slander — article in foreign language newspaper.**

1. The evidence sustains the finding of the jury that an article pub-

[1] Reported in 167 N. W. 550.

lished in the newspaper of the defendant in a foreign language charged that the plaintiff was not a citizen of this country.

**Same — candidate's right to hold office.**

2. A false written charge that an incumbent of an office and a candidate for re-election is not a citizen, when citizenship is a requisite of eligibility, is libelous per se.

**Same — punitive damages — verdict not excessive.**

3. The allowance of punitive damages was properly submitted to the jury and the verdict is not excessive.

Action in the district court for St. Louis county to recover $2,500 for libel. The answer was a general denial, but admitted that on March 9, 1917, there was published in the newspaper in a foreign language a paid political advertisement on behalf of Anton W. Indihar in favor of his candidacy for the position held by plaintiff, which was made in good faith in the belief that it was true and was thereafter retracted. The case was tried before Freeman, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony denied its motion for a directed verdict, and a jury which returned a verdict for $750. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Leo A. Ball,* for appellant.
*E. A. Boyle,* for respondent.

DIBELL, C.

This is an action of libel. There was a verdict for the plaintiff. The defendant appeals from the order denying its alternative motion for judgment or a new trial.

1. The defendant publishes the National Herald, in the Slovenian language, at Duluth. At the March, 1917, election the plaintiff, A. E. MacInnis, was a candidate for the office of clerk of Gilbert, a village northerly of Duluth, and was at the time the incumbent. One Indihar, of Slovenian blood but born in this country, was a rival candidate. The defendant published in its paper an article over the name of Indihar referring to the election. Indihar did not compose it, but authorized the

publication of an article relative to his candidacy. It was composed by some one acting for the defendant. The plaintiff claims that the article charged that he was not a citizen. The jury so found. The article was in Slovenian. The parties do not agree upon the translation. That offered by the defendant, so far as it illustrates the question presented, is as follows:

### TO THE VOTERS OF GILBERT, MINNESOTA.

To the Slovenian and Croatian voters of Gilbert, Minn. I hereby announce that I am a candidate for the office of the township clerk, at Gilbert.

As it is known to all, there has been in this office a man who has not been a countryman. Is this not a shame for all of us? We are countrymen, have all the right and duties, and yet vote for a stranger who is not a countryman. Out with such men.

For this reason I have decided to become a candidate for this office, and hope that my countrymen and brothers Croatians will support me and give me their votes on the 13th day of March.

We are entitled to this office as we have the majority, and if we are united, the success will be ours.

The defendant claims that the article does no more than charge that the plaintiff is not a countryman of the Slovenians and Croatians; that it is an appeal to them to vote for Indihar who is, and that it is not at all a charge that the plaintiff is not a citizen of this country. In the second paragraph of the translation the words "countryman" and "countrymen" are found three times. In the Slovenian article they are represented by "drzavljan" and "drzavljani." The word translated as "countrymen" in the third paragraph appears in the Slovenian article as "rojaki." There is competent evidence that the words "drzavljan" and "drzavljani" in this connection mean citizen and citizens as commonly used in this country and are descriptive of those entitled to the franchise and owing allegiance and not foreigners and subjects of another country. There is evidence that "rojak" and "rojaki," singular and plural, in this connection refer to fellow countrymen in the sense of kindred in national blood. There is considerable in the context of the translation, when read with an understanding of the local situation and the purpose of the

article, suggesting the accuracy of the distinction sought to be made. Several translations, observing the distinction, though in crude English, are offered by the plaintiff. The following is typical:

### TO THE VOTERS OF GILBERT, MINNESOTA.

The Slovenian and Croatian voters of Gilbert, Minnesota: I announce that I am a candidate for the office of the village clerk of Gilbert.

As you all know, there has been in this office until now a man who is not even a citizen. Isn't this a shame for all of us? We are the citizens and have all the rights and duties and elect a foreigner in this office who is not even a citizen. Get rid of those people.

Therefore, I decided to become a candidate for this office and expect that I will be supported by my friends and countrymen and brother Croatians and cast their votes on the 13th day of March for me, entitled to this office, as we have a majority, and if we work together I think we can win out.

The evidence as to the meaning of the Slovenian article was in dispute and the jury was justified in finding that it charged that the plaintiff was not a citizen of this country.

2. It is conceded that the plaintiff was a naturalized citizen. He was an incumbent of the office of clerk and a candidate for re-election. Citizenship is a requisite of eligibility. If not a citizen an incumbent may be removed and a candidate not a citizen is not entitled to the office. The charge was against the plaintiff's legal right to hold his office or to be a candidate for election to it. One not a citizen cannot with right notions of public rectitude and integrity hold office or be a candidate. That he is the incumbent or a candidate subjects him to some measure of just public hatred and contempt and lessens him in the esteem and confidence of a right thinking community. A false written charge that an incumbent of an office and candidate for re-election is not a citizen, when citizenship is a requisite of eligibility, is libelous per se. No case holding this precise point is cited. There is no need of one. The article assailed the legal title of the plaintiff to the office he was rightly enjoying and his legal right to be a candidate for it. In addition it subjected him to public hatred and contempt and lessened him in public esteem and

confidence. The controlling principle is well enough settled. See Dunnell, Minn. Dig. and 1916 Supp. §§ 5516-5521, and cases cited.

3. The verdict was for $750. It is claimed to be excessive. The actual damage to the plaintiff we apprehend was not large though not negligible. The court properly submitted the question of punitive damages. The jury could well enough conclude that the publication was attended with such recklessness as betokened an utter disregard of the plaintiff's rights and was actually malicious and called for punishment. The verdict is sufficiently severe as a punishment and enough as a deterrent and example but not so large as to warrant interference or criticism by an appellate court.

Some other points are made by the appellant in its brief. They have been considered but are not such as to require special mention.

Order affirmed.