## ALBERT HRDLICKA v. M. A. WARNER.[1]

December 12, 1919.

No. 21,491.

**Libel.**

1. A false written charge made to the post office department that a rural mail carrier was threatening the boys of draft age along his line that they would be sent to France if they joined the Nonpartisan League is libelous per se.

**Same — truth of charge — burden of proof — charge to jury.**

2. Evidence that the mail carrier made to others than those included within the charge threats of the character stated, there being nothing to show that they were or likely would be communicated to the boys of draft age, did not support the truth of the charge, which was the defendant's defense; and a written statement, made by the only boy whom the defendant claimed to the investigating authorities of the post office department had been so threatened, to the effect that he had not been threatened, if erroneously received, was harmless. It was in proof of the falsity of the charge. There was no evidence of its truth, of which the burden of proving lay upon the defendant, and the jury was properly charged that as a matter of law the charge was untrue.

**Same — malice — punitive damages.**

3. There was evidence of actual malice which justified the submission of the question of punitive damages.

Action in the district court for Le Sueur county to recover $10,000 for libel. The answer alleged that all the statements in the letter mentioned in the complaint were true. The case was tried before Tifft, J., who when plaintiff rested denied defendant's motion to dismiss the action, and a jury which returned a verdict for $400. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Wright & Wright,* for appellant.

*Moonan & Moonan,* for respondent.

DIBELL, J.

Action for libel. There was a verdict for the plaintiff. The defendant appeals from the order denying his motion for a new trial.

[1] Reported in 175 N. W. 299.

1. The plaintiff was in the employ of the government as a rural mail carrier. He and the defendant lived at Elysian. The defendant wrote to the post office department at Washington the following letter:

"Elysian, Minn., May 30-18.

"P. O. Dept. U. S. A.

"Dear Sirs: Am writing this in regard to Mail Carrier on our R. Route; he is threatening some of the boys; of draft age; that live on the Route; if they join the Non-Partisan League; which is Loyal to our Government; he will have them in France before Fall; this he is doing to scare the boys from joining the League; now if you have power over him; wish you would kindly act according to what is right in this case.

"Resp.

"M. A. Warner,

"Elysian, Minn."

The court charged the jury that the letter was libelous per se. We hold that it was so. It charged the mail carrier with forbidden activities in the course of his official duties. It was necessarily injurious to him in his calling. It was seriously written and invited an investigation of the plaintiff by the government and an investigation followed. The boys of draft age were free to join the league. Threats of the kind charged, made by one in the position of the plaintiff, constituted wrongdoing and misconduct, and a charge that he made them necessarily disparaged him in his calling and lessened him in public esteem. Within our decisions the letter was libelous per se. Sharpe v. Larson, 67 Minn. 428, 70 N. W. 1, 554; Martin v. Paine, 69 Minn. 482, 72 N. W. 450; Palmerlee v. Nottage, 119 Minn. 351, 138 N. W. 312, 42 L.R.A.(N.S.) 870; Beek v. Nelson, 126 Minn. 10, 147 N. W. 668; MacInnis v. National Herald Printing Co. 140 Minn. 171, 167 N. W. 550, L.R.A. 1918D, 1091.

2. The defendant claims that there was error in rulings on evidence. The defense was that the charge was true.

When the local postmaster, under directions from Washington, undertook an investigation, he interviewed the defendant who stated that Hugo Zellmer, a young man in the service at the time of the trial, was the one meant by the letter. He named no other and at the trial suggested no other.

There was evidence, either offered and refused or received and after-

ward stricken, tending to show that the plaintiff had in the course of his rounds talked too freely about the league, and had made some threats to one or more persons of the general character charged in the letter, but there was no evidence that he made threats to young Zellmer, nor indeed to any boys of draft age, nor was it suggested that his loose remarks, or his threats, ever reached or were likely to reach young Zellmer or other boys of draft age. Under such circumstances, considering the specific nature of the charge and the purpose of the proof, there was no error.

The plaintiff offered in evidence and there was received a written statement from young Zellmer, obtained by the postmaster in the course of his investigation, to the effect that the plaintiff made no threat to him. It may be conceded that this was error, but it was proof negativing the charge of the letter, of the truth of which there was no proof, and of the falsity of which there was proof, and so it was immaterial. Under the evidence there was no question for the jury on the issue of the truth of the charge. It was properly instructed that the charge was not true.

After a laborious consideration of all the rulings at the trial, so far as they are assailed by the assignments, we find no available error. The record is confused, and it was made so, largely by indefinite questioning and persistent and often ill-founded objections, but we have not omitted to notice the vital points.

3. There was no error in submitting the question of punitive damages. The defendant made his charges on hearsay. He made no effort to inquire of the boys whether the threats charged had been made. He made no complaint to the plaintiff. Whether there was actual malice was for the jury.

Order affirmed.