## A. J. SCHNOBRICH v. C. F. VENSKE.[1]

### May 21, 1920.

### No. 21,645.

**Words used concerning village banker not slanderous per se.**

Spoken words disparaging another in his office or calling are actionable or slanderous per se though not charging a crime. It is *held* that the words spoken of the plaintiff, the banker of the village and treasurer of the school district which included it, did not as a matter of law disparage the plaintiff in his office or calling, and that it was not error to refuse to direct a verdict in his favor.

Action in the district court for Carver county to recover $5,000 for slander. The case was tried before Tifft, J., who when plaintiff rested denied defendant's motion to dismiss the action upon the grounds that the complaint did not state facts, and the evidence did not establish facts, sufficient to constitute a cause of action, and at the close of the testimony denied motions by both parties for directed verdicts, and a jury which returned a verdict for defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

[1] Reported in 177 N. W. 778.

*P. W. Morrison* and *George A. & C. H. MacKenzie,* for appellant.
*W. C. & W. F. Odell,* for respondent.

DIBELL, J.

Action for slander. There was a verdict for the defendant. The plaintiff appeals from the order denying his motion for a new trial.

The plaintiff made a motion, which was denied, to return a verdict in his favor upon the ground that the words used by the defendant were actionable or slanderous per se, and the only question is whether they were. They were spoken in German. The witnesses differ as to the German words used and as to their meaning in English. Since the defendant had a verdict we must, for the purpose of this appeal, accept a meaning favorable to him. He claims that the English equivalent of the words used were these: "Where was you last night? You could have earned a dollar. You should be to the meeting and got Schnobrich. He took his books and ran out. There must be something not quite right with his books." On behalf of the plaintiff it is claimed that the words used carried a suggestion that the marshal should have "arrested" the plaintiff, but we must take them as favorable to the defendant as the evidence warrants.

Schnobrich, the plaintiff, was the banker in the village of New Germany, in Carver county, was engaged in other business there, and was the treasurer of the school district which included the village. On Saturday night, July 20, 1918, the annual school district meeting was held. He submitted his report to the meeting and new officers were elected. The words of which complaint is made were spoken a day or two later to the village marshal. He was not at the meeting. After submitting his report and after the election of officers Schnobrich left the meeting and took his books with him. There was then some discussion as to the condition of the district finances and those in attendance became excited. There was some talk about having the marshal get the plaintiff and have him explain. It was not claimed that he had done anything wrong, but the school tax levy seemed high to the assembled taxpayers, they did not understand the books nor the treasurer's report nor where the money had gone, and they wanted an explanation.

Under our holdings words to be actionable or slanderous per se need

not charge a crime. Spoken words directly disparaging a person in his office or employment or calling are actionable per se, although no crime is charged. Beek v. Nelson, 126 Minn. 10, 147 N. W. 668, and authorities cited. The words quoted do not charge a crime. The majority of the court, the writer not agreeing, are of the opinion that the words, under the circumstances of their use, did not as a matter of law impart a meaning disparaging the plaintiff in his office or calling, and that the court did not err in refusing to direct a verdict for the plaintiff. While the marshal was not at the school meeting, he knew of it. The evidence does not at all require the construction that the marshal was to arrest the plaintiff or to do anything more than act as a messenger in bearing the meeting's request that he return and explain the books and the con-condition of the district's finances. It was not supposed by any one at the meeting, so far as we find, that the plaintiff had done any actual wrong. He had lived in the community for years and had the confidence of all. The defendant perhaps had some feeling against the plaintiff because the latter had charged him with disloyalty, and likely the defendant talked too freely and with some feeling. While there was a mistake of $100 in the treasurer's books, in favor of the treasurer, due to a wrong casting of the figures, it was only a mistake. No one claimed or said otherwise and the defendant did not have this item in mind when he spoke to the marshal.

Order affirmed.