## EVERETT M. LLOYD v. JESSIE HARRIS.[1]

June 8, 1923.

No. 23,460.

Words slandering plaintiff's integrity as a farm tenant actionable per se.

Plaintiff was directly disparaged in his calling as a renter of farms by the following statement made to the person from whom he rented a farm: "What did you rent it to him for? He isn't any good. He beat my brother out of some hay and he lost some of his cattle, and I can tell you a lot more." These words bore directly upon plaintiff's integrity and character as a farm tenant and were actionable per se.

[1]Reported in 194 N. W. 101.

Action in the district court 'for Dodge county to recover $3,000 for slander. From an order sustaining a demurrer to the complaint, Childress, J., plaintiff appealed. Reversed.

H. J. Edison, for appellant.

Samuel Lord, Jr., for respondent.

LEES, C.

Appeal from an order sustaining a demurrer to the complaint in an action for slander. Plaintiff alleged that by occupation he was a renter of farms; that, on being informed by one Oscar Suhr that he had rented his farm to plaintiff, defendant said:

"What did you rent it to him for? He isn't any good. He beat my brother out of some hay and he lost some of his cattle, and I can tell you a lot more."

He also alleged that on another occasion, hearing that one Tom Steel had sharpened plows for plaintiff, defendant said:

"Look out for him when he gets them, and you want to get your money first; he was on my brother's farm and he beat him."

Special damages were not pleaded, and the sole question before us is whether these statements directly disparaged plaintiff in his employment or calling. If they did, they were actionable per se and it was not necessary to allege special damages. Beek v. Nelson, 126 Minn. 10, 147 N. W. 668; Schnobrich v. Venske, 146 Minn. 21, 177 N. W. 778. Both statements were undoubtedly of a disparaging nature. The first was made to the man from whom plaintiff had rented a farm. It bore directly upon his integrity and character as a farm tenant. He gained a livelihood by farming land owned by others. That was his occupation. The statement imputed to him a lack of capacity and of honesty in his calling. It was addressed to his landlord. Defendant was not speaking of plaintiff in a general way, but particularly and with reference to his character as a renter of farms. We hold that the words spoken by defendant directly disparaged plaintiff in his calling or occupation, and therefore they were actionable per se.

Order reversed.